## VIRGINIA *v.* WEST VIRGINIA.

### IN EQUITY.

No. 3. Original. Motion to proceed with the further hearing and determination of the case. Submitted October 10, 1911.—Motion overruled October 30, 1911.

Even if the question in litigation is important and should be disposed of without undue delay, a State cannot be expected to move with the celerity of an individual; a motion made in this case by complainant that the court proceed to determine all questions left open by the decision in 220 U. S. 1, denied without prejudice.

The conference suggested by this court, 220 U. S. 36, is one in the cause to settle the decree and not to effect an independent compromise out of court.

THE facts are stated in the opinion.

*Mr. Samuel W. Williams,* Attorney General of the State of Virginia, for the complainant in support of the motion.

*Mr. W. G. Conley,* Attorney General of the State of West Virginia, for the defendant in response to motion.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a motion on behalf of the Commonwealth of Virginia that the court proceed to determine all questions

left open by the decision of March 6, 1911. 220 U. S. 1.
The grounds of the motion are these: On April 20, 1911,
the Virginia Debt Commission wrote to the Governor of
West Virginia, referring to the suggestion of a conference
between the parties in the decision, and requested that
he would take steps that would lead to such a conference
at an early date. At that time the Governor of West
Virginia had called an extra session of the Legislature
upon another matter. The constitution forbad the Leg-
islature, when so convened, entering upon any business
except that stated in the call, but as there were twenty-
six days between the call and the session that followed it,
there was time for the Governor to issue a further procla-
mation on the subject of the debt. The Governor in his
message to the Legislature referred to the matter, and put,
as questions to be considered, whether the appointment of
the Virginia Debt Commission was enough to require West
Virginia now 'to take the initiative,' and whether a Com-
mission should be appointed to meet the Virginia Commis-
sion. He also stated that if, without formal action of
three-fifths of the body under the Constitution, a majority
should express to him the opinion that the Legislature
ought to be called into extraordinary session to consider
the matter, he should deem it sufficient reason for a call.
But it seems that he did not use his power of his own
motion or receive such an expression as induced him to
use it, and the Legislature does not meet in regular session
until January, 1913. The Commonwealth of Virginia
concludes from these facts that there is no likelihood of
a conference with any satisfactory results.

The Attorney General of West Virginia answered that
the members of the Legislature convened in May, 1911,
were elected before this cause had been argued and under
conditions that left them uncertain as to the wishes of
their constituents; that the Governor was of opinion that
he could not constitutionally amend his proclamation so

as to embody consideration of the debt, and that there is no one in West Virginia except the Legislature that has power to deal with the matter. He then suggested a doubt whether the Virginia Debt Commission was empowered to deal with the case in its present phase, in view of the provision in the Resolution creating it that it should not negotiate except upon the basis that Virginia is bound only for the two-thirds of the debt that she had provided for, and concluded that this court ought not to act before the West Virginia Legislature at its next regular session can consider the case in the spirit anticipated by the opinion of the court.

With regard to the doubt implied by the Governor of West Virginia whether it now is incumbent upon that State to take the initiative, and that suggested by its Attorney General whether the Virginia Debt Commission has the necessary power, we are of opinion that neither of them furnishes a just ground for delay. The conference suggested by the court is a conference in the cause. The body that directed the institution of the suit has taken the proper step on behalf of the plaintiff, and it is for the defendant to say whether it will leave the court to enter a decree irrespective of its assent or will try to reach a result that the court will accept. The conference is not for an independent compromise out of court, but an attempt to settle a decree. The provision as to negotiations, in the Virginia Resolution preceding the statute authorizing this suit, refers, we presume, to a settlement out of court and has nothing to do with the conduct of the cause. If the parties in charge of the suit consent, this court is not likely to inquire very curiously into questions of power, if, on its part, it is satisfied that they have consented to a proper decree.

A question like the present should be disposed of without undue delay. But a State cannot be expected to move with the celerity of a private business man; it is enough if

it proceeds, in the language of the English Chancery, with all deliberate speed. Assuming, as we do, that the Attorney General is correct in saying that only the Legislature of the defendant State can act, we are of opinion that the time has not come for granting the present motion. If the authorities of West Virginia see fit to await the regular session of the Legislature, that fact is not sufficient to prove that when the voice of the State is heard it will proclaim unwillingness to make a rational effort for peace.

*Motion overruled without prejudice.*