# COMMONWEALTH OF VIRGINIA *v.* STATE OF WEST VIRGINIA.

MOTION OF THE STATE OF VIRGINIA TO PROCEED TO A FINAL HEARING.

No. 2, Original.   Submitted October 14, 1913.—Decided November 10, 1913.

In a controversy between States, this court will not refuse a request made in good faith by one of the parties for reasonable time to effect a settlement, but will comply therewith as near as it can consistently with justice.

On complainant's motion to proceed to final hearing and respondent's request for reasonable time to proceed with negotiations for amicable adjustment the case is assigned for next April.

THE facts are stated in the opinion.

*Mr. Samuel W. Williams, Mr. William A. Anderson, Mr. John B. Moon* and *Mr. Randolph Harrison* for the State of Virginia.

*Mr. Holmes Conrad* and *Mr. Sanford Robinson* for the bond-holding creditors.

*Mr. A. A. Lilly,* Attorney General of the State of West Virginia, *Mr. V. B. Archer, Mr. Charles E. Hogg* and *Mr. John H. Holt* for the State of West Virginia.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

In March, 1911 (*Virginia v. West Virginia,* 220 U. S. 1), our decision was given "with respect to the basis of liability and the share of the principal of the debt of Virginia that West Virginia assumed." In view, however, of the

nature of the controversy, of the consideration due the
respective States and the hope that by agreement between
them further judicial action might be unnecessary, we
postponed proceeding to a final decree and left open the
question of what, if any, interest was due and the rate
thereof, as well as the right to suggest any mere clerical
error which it was deemed might have been committed
in fixing the sum found to be due upon the basis of
liability which was settled. In October, 1911, we over-
ruled without prejudice a motion made by Virginia to
proceed at once to a final determination of the cause on
the ground that there was no reasonable hope of an amic-
able adjustment. *Virginia* v. *West Virginia*, 222 U. S. 17.

The motion on behalf of the State of Virginia now be-
fore us is virtually a reiteration of the former motion to
proceed and is based upon the ground that certain negoti-
ations which have taken place between the Virginia
Debt Commission representing Virginia, and a Com-
mission representing West Virginia, appointed in virtue
of a joint resolution of the legislature of that State,
adopted in 1913, make it indubitably certain that no hope
of an adjustment exists. But without reviewing the course
of the negotiations relied upon, we think it suffices to
say that in resisting the motion the Attorney General of
West Virginia on behalf of that State insists that the view
taken by Virginia of the negotiations is a misapprehension
of the purposes of West Virginia, as that State since the
appointment of the Commission on its behalf has been
relying upon that Commission "to consummate such an
adjustment and settlement of said controversy as to com-
mend the result of its negotiations to the favorable con-
sideration of the Governor and the legislative branch of
its government, and thus terminate said controversy
to the satisfaction of her people and the Commonwealth
of Virginia, and upon the principles of honor and justice
to both States, and in fairness to the holders of the debt

for whose benefit this controversy is still pending." The Attorney General further stating that in order to accomplish the results just mentioned, a sub-committee of the Commission of West Virginia has been and is engaged in investigating the whole subject with the purpose of preparing a proposition to be submitted to the Virginia Debt Commission, to finally settle the whole matter and that a period of six months' time is necessary to enable the Committee to complete its labors.

Having regard to these representations, we think we ought not to grant the motion to proceed at once to consider and determine the cause, but should, as near as we can do so consistently with justice, comply with the request made for further time to enable the Commissioners of West Virginia to complete the work which we are assured they are now engaged in performing for the purpose of effecting a settlement of the controversy. As, however, the granting of six months' delay would necessitate carrying the case possibly over to the next term and therefore be in all probability an extension of time of more than a year, we shall reduce somewhat the time asked and direct that the case be assigned for final hearing on the 13th day of April next at the head of the call for that day.