## COMMONWEALTH OF VIRGINIA *v.* STATE OF WEST VIRGINIA.

MOTION OF THE STATE OF WEST VIRGINIA FOR LEAVE TO FILE A SUPPLEMENTAL ANSWER TO THE BILL OF COMPLAINT OF THE COMMONWEALTH OF VIRGINIA.

No. 2, Original.   Argued April 16, 17, 1914.—Decided June 8, 1914.

The ordinary rules of legal procedure applicable to cases between individuals cannot be always applied to controversies between States involving grave questions of law determinable by this court under the exceptional grant of jurisdiction conferred by the Constitution.

In this case the defendant State is permitted to file a supplemental answer, the averments in which are to be considered as traversed by the complainant State, and the subject-matter of the supplemental answer is referred to the Master before whom previous hearings were had with directions to report at the commencement of the next term of this court.

THE facts, which involve the procedure and practice in an original case between two States of the Union and the rules to be applied in regard to the filing of a supplemental answer, are stated in the opinion.

*Mr. William A. Anderson* and *Mr. Randolph Harrison*, with whom *Mr. John B. Moon, Mr. John G. Pollard*, Attorney General of the State of Virginia, and *Mr. Samuel W. Williams*, former Attorney General, were on the brief, for complainant.

*Mr. A. A. Lilly*, Attorney General of the State of West Virginia, and *Mr. John H. Holt*, with whom *Mr. V. B. Archer* and *Mr. Charles E. Hogg* were on the brief, for defendant.

*Mr. Sanford Robinson*, with whom *Mr. Holmes Conrad* was on the brief, for the bondholding creditors.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

This case, which was begun in 1906, was elaborately argued in 1907 on a demurrer, which was overruled. 206 U. S. 290. It was again argued in 1908 on a motion to appoint a Master. 209 U. S. 514. Before that officer there was an extended hearing and a full report of all the matters involved was filed in March, 1910. It was then argued on a motion to take further testimony, and was ultimately heard in an argument which extended many

days, every party in interest being represented, in the month of January, 1911.

Notwithstanding these facts when in March, 1911, the court came to decide the controversy, although it fully reviewed and passed upon the fundamental issues, as its obvious duty required it to do, and fixed the principal sum due by the State of West Virginia to the State of Virginia, in view of the consideration due to the parties as States and that the cause was, as then said, "no ordinary commercial suit, but, . . . a quasi-international difference referred to this court in reliance upon the honor and constitutional obligations of the States concerned rather than upon ordinary remedies," the controversy was not completely and irrevocably disposed of but was left open for a time not specified to the end that any clerical errors that might have crept into the calculations of the sums due could be corrected and to give the States time to consider the subject of liability for interest in the light of what had been decided and to agree as to the rate and period of the interest to be paid on the principal sum which was determined. 220 U. S. 1, 36.

On the convening of the court in the following October, 1911, a motion was made on behalf of the State of Virginia to proceed at once to a final decree. Listening to the suggestion of the State of West Virginia to the effect that it desired further time to consider the subject, and in view of the public considerations which had prevailed when the decree was entered, the motion of Virginia was overruled. 222 U. S. 17.

Yet further, when in November, 1913, another motion on the part of Virginia was made to set the case down to be finally disposed of at once upon the statement that no agreement between the parties was possible, again giving heed to the request of West Virginia through its constituted officers for a postponement for a stated time and to the statement that they were engaged in an honest en-

deavor to deal with the controversy and if possible to come to an agreement as to the subjects left open, the motion of Virginia was again refused, 231 U. S. 89, and as it was possible to give to the State of West Virginia all the time which that State in resisting the motion asked and yet secure against the possibility of the hearing being carried over to another term, the case was assigned for hearing on the thirteenth of April of this year. When that day was reached, the State of West Virginia, in accord with a motion filed some days before, prayed leave to be permitted to file a supplemental answer asserting the existence of credits, which if properly considered would materially reduce the sum fixed as due to the State of Virginia, the said answer in addition asserting various grounds why interest should not be allowed in favor of Virginia and against West Virginia on the sum due. Resisting this request the State of Virginia insists that the items embraced in the supplemental answer asked to be filed had in effect already entered into the considerations by which the principal sum due was fixed, and that if not, the case should not be postponed for the purpose of permitting the rights urged in the answer to be availed of because every item concerning such alleged rights was proved in the case before the Master, was mentioned in his report and was known or could have been known by the use of ordinary diligence by those representing West Virginia. And it is this controversy we now come to dispose of.

Without intimating any opinion whatever as to whether the items with which the proposed supplemental answer deals entered into the processes of calculation or reasoning by which the sum due was previously fixed, and moreover, without intimating any opinion as to how far the items embraced in the answer could serve as credits upon the sum previously found due and therefore to that extent reduce the amount, we think it is obvious that most of the

items embraced in the answer were contained in the Master's report, and in any event all were available then for every defense now based upon them if their considera- tion had been pressed in the aspect and with the assertions of right now made.

The question then is, Under these conditions ought the permission to file the supplemental answer be granted? We think it must be conceded that in a case between or- dinary litigants the application of the ordinary rules of legal procedure would render it impossible under the circumstances which we have stated to grant the request. We are of the opinion, however, that such concession ought not to be here controlling. As we have pointed out, in acting in this case from first to last the fact that the suit was not an ordinary one concerning a difference between individuals, but was a controversy between States in- volving grave questions of public law determinable by this court under the exceptional grant of power conferred upon it by the Constitution, has been the guide by which every step and every conclusion hitherto expressed has been controlled. And we are of the opinion that this guiding principle should not now be lost sight of, to the end that when the case comes ultimately to be finally and irrev- ocably disposed of, as come ultimately it must in the absence of agreement between the parties, there may be no room for the slightest inference that the more restricted rules applicable to individuals have been applied to a great public controversy, or that anything but the largest jus- tice after the amplest opportunity to be heard has in any degree entered into the disposition of the case. This con- clusion, which we think is required by the duty owed to the moving State, also in our opinion operates no injustice to the opposing State, since it but affords an additional opportunity to guard against the possibility of error, and thus reach the result most consonant with the honor and dignity of both parties to the controversy.

Because of these convictions, we therefore make the following order:

That the motion on the part of the State of West Virginia to file the supplemental answer be and the same is hereby granted; and that the averments in such answer be and the same shall be considered as traversed by the State of Virginia; that the subject matter of the supplemental answer as traversed be at once referred for consideration and report to Charles E. Littlefield, Esq., the Master before whom the previous hearings were had, with directions to hear and consider such evidence and testimony as to the matters set forth in the supplemental answer as the State of West Virginia may deem advisable to proffer and such counter showing on the part of the State of Virginia as that State may deem advisable to make. The report on the subject to embrace the testimony so taken and the conclusions deduced therefrom as well as the views of the Master concerning the operation and effect of the proof thus offered, if any, upon the principal sum found to be due by the previous decree of this court. Nothing in this order to vacate or change in any manner or in any particular the previous decree, and the same to stand wholly unaffected by the order now made or any action taken thereunder until the examination and report herein provided for is made and this court acts upon the same. It is further directed that the proceedings before the Master be so conducted as to secure a report on or before the second Monday of October, 1914.