266 F.2d 741
 UNITED STATES of America, Appellant,
v.
45.33 ACRES OF LAND, MORE OR LESS, IN SEABOARD MAGISTERIAL
DISTRICT, COUNTY OF PRINCESS ANNE, State of
Virginia: Oceana Apartments Corporation,
et al., Appellees.
 No. 7797.
 United States Court of Appeals Fourth Circuit.
 Argued March 11, 1959.
Decided May 7, 1959.
 
 1
 S. Billingsley Hill, Atty., Dept. of Justice, Washington, D.C. (Perry W. Morton, Asst. Atty. Gen., John M. Hollis, U.S. Atty., Franklin C. Baugh, Asst. U.S. Atty., Norfolk, Va., and Roger P. Marquis, Atty., Dept. of Justice, Washington, D.C., on brief), for appellant.
 
 
 2
 R. J. Alfriend, III, Norfolk, Va. (Bertram S. Nusbaum, Norfolk, Va., on brief), for appellees.
 
 
 3
 Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and HUTCHESON, District Judge.
 
 
 4
 HUTCHESON, District Judge.
 
 
 5
 On July 1, 1958, the United States, hereinafter referred to as the appellant, filed a complaint and declaration of taking in connection with the condemnation of a leasehold estate in a certain apartment project constructed under the provisions of the Wherry Housing Act (12 U.S.C.A. 1748 et seq.) in Princess Anne County, Virginia. At the time of such filing here was deposited in the registry of the Court the sum of $1.00, being the amount certified by the acquiring agency as representing, in its opinion, just compensation for the estate taken. The owner filed an answer, in which it was asserted that the deposit did not represent just compensation but that it was an arbitrary and capricious estimate and requested a hearing seeking an order to compel the appellant to deposit a sum of money equal to a bona fide estimate of just compensation for the property taken.
 
 
 6
 At a hearing on September 16, 1958, a witness in behalf of the owner hereinafter referred to as the appellee, testified that during the negotiations for the purchase of the property as required by the statute, an offer was made by representatives of the appellant to recommend payment of the sum of $180,000.00 for the equity in the property sought to be condemned. The appellee presented further evidence concerning the value of the property based on present cost, less depreciation, and on the basis of capitalization of income. According to this evidence the net value, after deducting the existing lien, was $972,973.98 based on the present cost, less depreciation, method and $683,813.98 based on the capitalization of income method. The appellant offered no evidence, but requested a continuance for a period of fifteen days in order that counsel could determine whether the appellant desired to present evidence.
 
 
 7
 The continuance was granted and the Court was informed subsequently that it was the desire of the appellant to present evidence to the effect that the deposit of $1.00 was made in good faith. After consultation between the Assistant United States Attorney and his superiors in the Department of Justice concerning the date of hearing and availability of witnesses, the case was set for further hearing on November 14, 1958. On the last mentioned date counsel for the appellant informed the Court that they were not prepared to offer testimony and 'no assurance was given to the Court as to when, if ever, the matter of the good faith deposit could be finally heard and determined'. On November 17, 1958, the Court entered an order dismissing the complaint and ordering the appellant to surrender possession of the property sought to be condemned to the appellee.
 
 
 8
 On November 21, 1958, the appellant filed a motion for rehearing and a stay of the order requiring surrender of possession, which motion was heard on the same day it was filed. At that hearing counsel for appellant entered into an explantion, from which it would appear that it was proposed to offer evidence not of the appraisal report upon which the estimate of just compensation was based, presumably made prior to filing the complaint, but of some other appraisal to be made subsequent to the first hearing. It was conceded by counsel that testimony concerning such new appraisal could have no relation to the original basis for the estimate. The thory upon which such evidence would be offered is not shown.
 
 
 9
 It was argued before us that the District Court lacked the power to review the amount deposited as estimated just compensation and that there is no basis for the Court's conclusion that the estimate was made in bad faith. In support of this contention great reliance is placed by the appellant upon the case of In Re United States, praying for a Writ of Mandamus or a Writ of Prohibition, 5 Cir., 257 F.2d 844.
 
 
 10
 We do not find it necessary to review the authorities nor to consider whether the District Court possessed the power to inquire into the sufficiency of the deposit nor to determine the issue of good faith.
 
 
 11
 Upon a consideration of the present record we are left puzzled concerning the conduct of the acquiring agency. It is not denied that properly authorized representatives of that agency, before the complaint and declaration of taking were filed, were willing to pay the property owner the sum of $180,000.00 from the Treasury of the United States for its equity in the property. Laying aside the valuation figures submitted by the appellee, it is inconceivable that the acquiring agency would offer to pay the appellee such amount for its equity unless there was an appropriate appraisal in its possession justifying such an expenditure. Despite this, the acquiring agency when unable to reach an agreement through negotiation, filed a certificate declaring that in its opinion the sum of $1.00 represented just compensation for that equity.
 
 
 12
 It is true that evidence concerning offers made in undertaking to effect a compromise are not proof of value. However, these various hearings were not concerned with proof of the value of the property but with the good faith of the Government representatives. Without relying upon the contention now made that the Court had no power to inquire into the good faith, counsel for the appellant indicated their purpose to meet that issue. For some reason not disclosed by the record, after consuming the time of the Court and after a number of hearings fixed by the Court to suit the convenience of counsel, the appellant reversed its position in a negative sort of way by the statement of counsel that they were not prepared to introduce evidence which they had repeatedly indicated their desire to introduce, that no assurance would be given as to when, if ever, the matter could be determined, and they were unwilling to submit to the Court the appraisals upon which the estimates were based.
 
 
 13
 In the meantime appellant was in possession of the subject property and receiving the income therefrom, by virtue of having deposited in the Registry of the Court $1.00, of which amount the appellee was entitled under the statute to withdraw seventy-five percent, provided the title is not in dispute. On the other hand, the Government was being subjected to the hazard of paying 6% interest annually on a potentially large obligation.
 
 
 14
 In passing, it may be observed that the distinction between 'deposit of compensation' and 'deposit of the amount estimated by the acquiring officer for deposit as compensation' attempted in appellant's brief is not clear. The statute contains no such distinction but in simple language directs the deposit of the amount of money estimated to be just compensation. It could not be clearer.
 
 
 15
 As before indicated, we do not find it necessary to consider either the authority of the Court to inquire into the adequacy of the deposit or the good faith of appellant in making such deposit.
 
 
 16
 The question here is whether under the facts of this case the Court, in the exercise of discretion, was justified in dismissing this action for failure to properly prosecute and in the interest of the orderly conduct of court procedure.
 
 
 17
 The record discloses that the District Judge afforded counsel for appellant extraordinary consideration with respect to continuances, giving counsel an opportunity to present evidence as requested, fixing the time of such hearings to suit the convenience of counsel, only to be met at the appointed time with lack of preparation to present such evidence and an attitude of apparent indifference concerning the proceedings.
 
 
 18
 We are mindful of the inability of Government agencies to act with the promptness of private individuals. Provision is made for this fact by rules and statutes under which additional time for pleading is allowed; and Mr. Justice Holmes gave judicial recognition to this in the Virginia-West Virginia Debt Case in 1911, where he referred to the deliberate speed of the English Chancery. However, it must be remembered that when a party before the Courts the Government, with exceptions not pertinent here, is merely another litigant.[1]
 
 
 19
 The business of the courts can not be carried on if such tactics here employed are to be permitted, and it is proper that the court exercise discretion in controlling the docket. There was here no abuse of that discretion.
 
 
 20
 The judgment of the District Court is affirmed, but without prejudice to the appellant to institute appropriate proceedings should it be so advised. We express no opinion regarding the subject of just compensation other than to say it is to be presumed that responsible Government authorities will comply with the law.
 
 
 21
 Affirmed.
 
 
 
 [1]
 Commonwealth of Virginia v. State of West Virginia, 222 U.S. 17, at pages 19-20, 32 S.Ct. 4, 56 L.Ed. 71