STATE, Respondent, vs. RAETHER, Appellant.

*May 11—June 15, 1951.*

*Earl L. Kennedy* of Rhinelander, for the appellant.

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Victor O. Tronsdal,* district attorney of Eau Claire county, and oral argument by *Mr. Platz* and *Mr. Tronsdal.*

BROADFOOT, J. The defendant's principal argument upon appeal is that the court erred in permitting the district attorney to cross-examine the defendant as to prior convictions for other crimes unconnected with the charge upon which he was being tried, over objection by defendant's counsel. One example thereof appears in the record as follows:

"*Q*. Mr. Raether, you have had considerable dealings with law-enforcement officers, haven't you? *A*. Some.

"*Q*. Were you arrested on February 13, 1934?

"Mr. Yates: I object to that, Your Honor, in view of the fact that anyone may be arrested, and it's not admissible.

"The Court: Well, the point that I suppose this attorney is dwelling upon is this man's experience as bearing upon the voluntary nature of the statement. The man's experience or lack of experience does have some bearing upon that issue. So I will permit it.

"*A*. I don't remember the exact date, but I might have been.

"By Mr. Tronsdal: *Q*. Do you recall what the charge was? *A*. No, I don't.

"*Q*. Was it extortion? *A*. It could have been.

"Mr. Yates: I object to that, Your Honor, unless the man was convicted.

"By Mr. Tronsdal: *Q*. Were you convicted?

"Mr. Yates: What the charge was, I don't believe makes any difference.

"The Court: Well, again, the defendant himself has raised a question as to the confession on the cross-examination. Mr. Tronsdal wants to know about this experience and what happened in the case—whether it was dropped or whether a conviction, all of those are things you want to inquire into, Mr. Tronsdal; and I think, in each case, what was done in the case should be brought out so that Mr. Raether may have the benefit of any dismissal as well as having the facts that count against him. The rule ought to work both ways. We shouldn't leave it hanging both ways. That's what you are thinking of, Mr. Yates. So you may inquire of the circumstances just to have them all in—to have his experience in mind.

"By Mr. Tronsdal: *Q.* You don't recall the date, Mr. Raether? *A.* No, I don't.

"*Q.* Do you recall being arrested for extortion? *A.* Yes. I do.

"*Q.* Do you recall of having some dealings with the sheriff's department at that time? *A.* Yes.

"*Q.* That is, you came in contact with the sheriff's department, did you not? *A.* That is right.

"*Q.* And you were brought into the county court of Eau Claire county, weren't you? *A.* Yes.

"*Q.* And you were convicted, were you not? *A.* Yes. I pleaded guilty."

Thereafter the district attorney cross-examined as to two convictions for larceny and one for violation of the game laws. In each instance he questioned the defendant as to the date of his arrest and the nature of the offense upon which he was convicted. In addition thereto he cross-examined the defendant as to his arrest in an illegitimacy proceeding.

In the information filed herein the district attorney had alleged two prior convictions for larceny. The defendant pleaded not guilty to the information. The district attorney thereupon introduced in evidence the record of his convictions upon the two charges of larceny which were set out in the information. This was entirely proper, under the provisions of sec. 359.12, Stats. 1949, known as the repeater statute. *State v. Meyer*, 258 Wis. 326, 46 N. W. (2d) 341.

As a general rule it is improper to attempt to prove one crime by proving another, and evidence that a defendant has committed another crime unconnected with the one for which he is on trial is inadmissible. There are exceptions to this general rule, but evidence of arrests upon other charges, including one for illegitimacy, in order to show a man's experience or lack of experience with law-enforcement officers, does not come within one of the recognized exceptions to the general rule.

The proper rule is stated in the case of *Rice v. State*, 195 Wis. 181, 188, 217 N. W. 697, wherein this court said:

"We think the jury may have been misled by errors of the court. The defendant was asked by the district attorney on the stand if he had ever been convicted of crime, to which he answered 'Yes.' This was proper as going to his credibility. But the examination on that point should have stopped there. However, the district attorney proceeded to inquire as to the nature of the offense, and the court interrupted to inquire: 'What were you charged with?' The defendant answered: 'Just about the same thing.' Question by the court: 'Same kind of an offense as this?' Answer: 'Just about, and my attorneys—' The Court: 'Never mind, your attorney may examine if he wishes.' Defendant then denied his guilt on the charge but was not allowed to try that issue. Of course, that issue could not be tried in the case before the court, but it was error to inject such an issue into the case. *Paulson v. State,* 118 Wis. 89, 98 *et seq.,* 94 N. W. 771. As it stood, it was highly prejudicial."

When the defendant took the stand as a witness in his own behalf the district attorney could properly cross-examine him as to prior convictions, as affecting his credibility, but it was error to permit cross-examination as to arrests and as to the nature of such offenses. *State v. Adams,* 257 Wis. 433, 43 N. W. (2d) 446. The error was prejudicial to the defendant, and a new trial must be granted.

*By the Court.*—Judgment reversed and cause remanded with directions to grant a new trial to the defendant. The warden of the state prison will deliver this defendant to the sheriff of Eau Claire county, who is directed to keep the defendant in his custody until he is duly discharged therefrom, or until the further order of the court.