HANSEN, Plaintiff in error, v. STATE, Defendant in error.*

*November 30, 1964—January 5, 1965.*

* Motion for rehearing denied, without costs, on March 17, 1965.

For the plaintiff in error there was a brief and oral argument by *Jack L. Goodsitt* of Milwaukee.

For the defendant in error the cause was argued by *Betty R. Brown* and *William A. Platz,* assistant attorneys general, with whom on the brief were *George Thompson,* attorney general, and *William J. McCauley,* district attorney of Milwaukee county.

GORDON, J.

"But a State cannot be expected to move with the celerity of a private business man; it is enough if it proceeds, in the language of the English Chancery, with all deliberate speed."

—HOLMES, J., *Virginia v. West Virginia* (1911), 222 U. S. 17, 19, 32 Sup. Ct. 4, 56 L. Ed. 71.

The recitation of facts preceding this opinion demonstrates that most of the early delay in the defendant's being brought to trial was occasioned by the defendant. Indeed, the defendant's present counsel does not contend that there was any abuse of Hansen's right to a speedy trial during the period of time between the issuance of the warrant (December 5, 1959) and the request for a prompt trial (March 17, 1961).

Although the defendant was subsequently returned to custody because of other alleged crimes, he was originally released on bail with reference to the instant charges. He was admitted to bail on December 7, 1959, and the record does not disclose the date when he was returned to custody.

The question before us is whether the delay from March 17, 1961, to July 11, 1961, constitutes a denial of the defendant's right to a speedy trial under the Sixth amendment of the United States constitution or under sec. 7, art. I of the Wisconsin constitution. We conclude it does not.

At the hearing in the circuit court on March 17, 1961, the judge stated that he had no trial space until July 11, 1961. The defendant's counsel then remarked, "That will be all right." Later, when the defendant's counsel spoke of his client's eagerness to have the matters "tried as soon as possible," the trial judge suggested that the attorney "keep in touch with me occasionally about the situation and I would be glad to shift it to an earlier date . . ."

Upon this appeal, the defendant urges that once an accused has demanded a prompt trial, there should be an established time span after which he may not constitutionally be tried. While a mandate of that kind would perhaps simplify the problems concerning speedy trials, we consider that it is not so wise a rule as presently prevails in this state; such rule has evolved from several decisions of this court which will hereafter be noted. Unless a series of exceptions were annexed, the rule proposed by the defendant would not provide any latitude in the event of a justifiable

delay such as may be caused by the illness of the judge or by the belated filing of a demand for a change of venue.

In *State v. Carli* (1957), 2 Wis. (2d) 429, 439, 86 N. W. (2d) 434, 87 N. W. (2d) 830, we quoted the following:

> " 'One accused of crime is not entitled to a trial immediately on his arrest or accusation, he must wait until a regular term of the court having jurisdiction of the offense with which he is charged, . . . Further, his right is not infringed by continuances in the discretion of the presiding judge, unless such discretion is arbitrarily exercised.' "

In *Kopacka v. State* (1964), 22 Wis. (2d) 457, 460, 126 N. W. (2d) 78, this court said:

> "Each case involving the issue of denial of a speedy trial turns on its own facts, although the general rule is stated to be that the right to a speedy trial is a right to be tried as soon as is reasonably possible. A motion to dismiss for lack of speedy trial will be denied where the accused is tried *as soon as the orderly conduct of the business of the court permits.*" (Emphasis added.)

Applying the foregoing standards to the instant case, it is clear that Hansen was brought to trial "as soon as the orderly conduct of business of the court permits." Even though almost four months elapsed between the accused's demand and the actual trial, it cannot be said in this case that the presiding judge was arbitrary in the exercise of his discretion.

The absence of any abuse of discretion is established in the instant case because of a combination of the following factors:

1. The period of the delay between the demand and the trial (just under four months) was not so long as to shock the court. In the *Kopacka Case,* at page 461, we noted that "mere lapse of time does not, by itself, constitute denial of the right to speedy trial, . . ." Nevertheless, a significantly

greater delay would surely be a major factor in weighing whether there had been an arbitrary and unreasonable delay on the part of the trial court.

2. The orderly operation of the trial court did not permit an earlier trial. The accused has not challenged, upon this appeal, the trial court's declaration that its trial calendar was crowded.

3. The trial was to be submitted to a jury, which would necessarily require more time than a trial to the court without a jury. This somewhat augmented the trial court's problem in finding an open date for the trial.

4. The accused had been released on bail, at least with reference to the charges in question. Standing alone, this would not be a sufficient reason for an excessively delayed trial. *State ex rel. Fredenberg v. Byrne* (1963), 20 Wis. (2d) 504, 123 N. W. (2d) 305. Nevertheless, it is one of the several factors entitled to consideration.

5. The court expressed its willingness to advance the trial of the case in the event there was a break in the court's calendar. The failure of the defendant's counsel to pursue the court's suggestion to "keep in touch" brings the instant case close to the concept of "affirmative action" required in the *Kopacka Case* (p. 460), as well as in *State v. Sawyer* (1953), 263 Wis. 218, 224, 56 N. W. (2d) 811, dismissed 346 U. S. 801, 74 Sup. Ct. 66, 98 L. Ed. 333.

We conclude that the defendant was not denied his constitutional right to a speedy trial.

*By the Court.*—Judgment affirmed.