JOHNSON, Plaintiff in error, v. STATE, Defendant in error.

*Nos. State 58, 59. Argued May 10, 1968.—Decided June 4, 1968.*
(Also reported in 159 N. W. 2d 48.)

For the plaintiff in error there was a brief by *David S. Berman,* and oral argument by *Donald P. Styler,* both of Milwaukee.

For the defendant in error the cause was argued by *E. Michael McCann,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

Robert W. Hansen, J. On review the defendant and post-trial counsel raise the following issues:

1. That the decision in *State ex rel. White v. Simpson* [1] be given retroactive application to declare the warrants in this case defective. This suggestion is not made for the first time. It has been rejected by this court and reasons given on two prior occasions. [2] The third invitation to retroactively apply the ruling is declined for the same reasons.

2. That defendant was denied his constitutional right to a speedy trial because eight months intervened between arrest and trial. This argument is without substance. On the day of his arrest, defendant waived preliminary hearing, but on his motion the case was returned for preliminary examination. On his arraignment the date set for trial was agreed to by the district attorney and defense counsel. On the day set, a new trial date was agreed upon and the court asked the defendant, "Is that agreeable to you, Mr. Johnson?" The defendant answered, "Yes." Mere lapse of time does not constitute denial of the right to speedy trial. [3] The defendant cannot on appeal object to the trial date to which he agreed. It is his affirmative duty to insist upon speedy trial.

3. That the lack of defense witnesses made it impossible for the jury to render a fair verdict. This contention is without merit. The record establishes that the prosecution called as witnesses the victim of the acts alleged, three witnesses of the preceding scuffle, five police officers, two of whom testified to witnessing the scuffle and being shot at by the defendant. The record,

---

[1] (1965), 28 Wis. 2d 590, 137 N. W. 2d 391.

[2] *State ex rel. La Follette v. Raskin* (1966), 30 Wis. 2d 39, 139 N. W. 2d 667; *State ex rel. Schmear v. Gagnon* (1967), 35 Wis. 2d 447, 151 N. W. 2d 20.

[3] *Commodore v. State* (1967), 33 Wis. 2d 373, 377, 147 N. W. 2d 283.

briefs and arguments do not suggest what additional witnesses, other than the defendant who did give his account of what happened, could or should have been called to the witness stand. A criminal trial is not a chess game in which both participants are entitled to start with an equal number of pieces. If this were so, Jack Ruby could not have been tried for the murder of Lee Harvey Oswald because his actions were witnessed by many at the scene and millions on network TV, none of whom could be expected to testify that he did not pull the trigger.

4. That defendant did not have effective assistance of legal counsel at the time of trial. There is not even a shadow of substance to this allegation. The jury finding of guilt is clearly based on what the defendant did, not on what his attorney did or did not do. Criticism of trial tactics is, often enough, identical with the second guessing known to football coaches and baseball managers. Monday morning quarterbacks and hot stove leaguers always would have won the game in which they did not participate. Here the record of the three day trial reveals 49 pages of searching cross-examination of the state's witnesses by defense counsel, his successful opposition to introduction of defendant's confession to police, and extended direct examination of defendant, giving defendant full opportunity to give his version of what happened. That a jury does not believe a defendant's testimony is neither the fault nor responsibility of trial counsel. A lawyer in a criminal case is not expected to steer every ship into the harbor of dismissal. The weight of the cargo carried often makes that impossible. That a different pilot might have pursued a different course at best proves only that hindsight is easier than foresight. The basic purpose and, let us hope, the usual result of criminal trial proceedings is that the innocent not be found guilty, and that the guilty not be found innocent. It is crystal clear that the defendant in this

case had the effective assistance of able counsel at his trial.

*By the Court.*—Judgments affirmed.