WILLIAMS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 123.   Argued March 5, 1971.—Decided March 30, 1971.*
(Also reported in 184 N. W. 2d 844.)

For the plaintiff in error there was a brief and oral argument by *Richard J. Steinberg* of Milwaukee.

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney

general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney of Milwaukee county.

HANLEY, J.   Two issues are presented on this appeal:
(1) Is the defendant entitled to a review of the order revoking probation; and
(2) Was the trial court without jurisdiction to revoke the probation because the same had previously expired by operation of law?

*Question of review.*

The trial court in this case was not asked to consider, nor did it decide, whether or not the defendant's period of probation had expired by operation of law before being revoked, whether or not it had jurisdiction to revoke probation or whether or not any of the defendant's constitutional rights were violated by adjournments of the revocation hearing.

The state contends that in the interest of the orderly administration of justice this court should decline to review these questions now raised by the defendant.

In *State v. Escobedo* (1969), 44 Wis. 2d 85, 92, 170 N. W. 2d 709, this court stated:

". . . It is in the interest of the orderly administration of justice to review, except under unusual circumstances, only matters specifically considered and decided by the trial court."

It is clear that in the instant case none of the errors now alleged are reviewable as a matter of right. We nevertheless conclude, in view of the possibility of these issues again being presented via habeas corpus, that it is appropriate for this court to review the issues raised.

*Jurisdiction for revocation.*

The defendant contends that the order of revocation was a nullity because the probationary period of two years imposed on June 20, 1966, expired by operation of law on June 20, 1968. On this basis the defendant argues that the court no longer had jurisdiction over the matter on the day of revocation (November 4, 1969).

The state concedes that the defendant's probation would have terminated on June 20, 1968—if, during the two years preceding that date the defendant had committed no crimes or otherwise violated the terms of his probation. However, the record discloses that the defendant violated the terms of his probation. He not only failed to report to his supervising agent but also, as the quoted portion discloses, he committed numerous crimes during the two-year period of probation.

The state contends that these acts by the defendant tolled the running of the two-year period and prevented it from expiring, as it otherwise would have, on June 20, 1968. Sec. 57.072, Stats., provides:

"**Period of probation or parole tolled.** The period of probation or parole ceases running upon the offender's absconding or committing a crime or some other violation of the terms of his probation or parole which is sufficient in the opinion of the court or the department to warrant revocation of probation or parole. It remains tolled until the happening of one of the following events: Receipt of the offender at the penal institution to which he has been sentenced or from which he has been paroled; in cases supervised by the department, reinstatement of the offender's parole or probation by order of the department; in cases of misdemeanants and in cases under s. 973.11, reinstatement of probation by order of the court. The date of the order of reinstatement is the date on which the period of probation or parole again begins to run."

The meaning of the statute is clear. We conclude that the trial court was clearly vested with the necessary jurisdictional power to revoke the defendant's probation and impose a sentence based on the judgment of conviction.

The defendant offers an alternative argument, namely, that if jurisdiction was possessed by the trial court, then the order of revocation should nevertheless be vacated because he was denied his "constitutional right to a speedy hearing."

The right defendant is no doubt referring to is found in art. I, sec. 7, Wisconsin Constitution, which secures to all criminally accused the right to a speedy trial. It is doubtful that art. I, sec. 7, Wisconsin Constitution, applies to hearings like the one in the instant case because they generally are not part of the guilt determining process. In any event, the constitutional provision referred to would not apply to this case—first, because a mere lapse of time does not constitute a denial of the right in question; [1] and, secondly, the right does not accrue to the defendant until after he has made some affirmative demand that his case be brought to trial. [2] The record is silent as to any such demand.

*By the Court.*—Order affirmed.

[1] *Kopacka v. State* (1964), 22 Wis. 2d 457, 460, 126 N. W. 2d 78; *Johnson v. State* (1968), 39 Wis. 2d 415, 417, 159 N. W. 2d 48.

[2] *State v. Reynolds* (1965), 28 Wis. 2d 350, 354, 137 N. W. 2d 14; *Hansen v. State* (1965), 26 Wis. 2d 238, 243, 131 N. W. 2d 837.