KWOSEK, Plaintiff in error, v. STATE, Defendant in error.

*No. State 68. Submitted under sec. (Rule) 251.54 June 7, 1973.—*
*Decided June 29, 1973.*
(Also reported in 208 N. W. 2d 308.)

For the plaintiff in error the cause was submitted on the brief of *Kenneth W. Hayes* and *Heywood & Hayes* of Hudson.

For the defendant in error the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Michael R. Klos,* assistant attorney general.

HALLOWS, C. J. The issue as stated by Kwosek is whether the trial court erred in admitting into evidence references to the fact that he had killed his wife and had been convicted of second-degree murder and in refusing to admit evidence of his alleged intimacy with the prosecuting witness' wife. Kwosek had been convicted of second-degree murder involving his wife in 1957 and was paroled in 1963, obtaining employment on the Norman Besker farm in rural Pierce county. He worked for Besker from April, 1967, to February, 1969, during which time he allegedly became intimate with Besker's wife, Norma. His parole was revoked in

February, 1969. He was committed to prison but again paroled in 1970, and he returned to Pierce county where he obtained employment. On October 2, 1970, he went to the Besker home and there detained Norman Besker for a period of two hours in an upstairs bedroom with a .22-caliber rifle. During a part of October 2d and 3d, Besker was allowed out of the house to take care of the farm chores, but according to him he was afraid to call the sheriff because of the harm Kwosek might do to his family. However, on October 3d, the sheriff was notified by a neighbor. Kwosek's brother and his parole agent came to the farm and Kwosek surrendered the rifle to them.

Kwosek's theory of defense was that after his second parole in 1970, because of the alleged prior intimacy with Besker's wife, Besker engaged in a course of harassment designed to result in a second parole revocation. Kwosek, fearful of being returned to prison, went to Besker's home on October 2d to plead with him to stop. There is no dispute that on October 2d between 9 and 9:30 a. m., Besker entered his home, at which time his wife called him upstairs. Upon ascending the stairs, Besker saw Kwosek approximately six to eight feet away, pointing a rifle at him. Kwosek ordered Besker to the bedroom, stating he had some things to talk about and was going to kill Besker. Upon orders of Kwosek, Besker stayed in the bedroom two to two and one-half hours, after which time the Beskers and Kwosek went downstairs. Kwosek contends the proof of his motive to convince Besker to quit bothering him could lead the jury to find that he did not imprison Besker, who moved freely off and on the farm and about the house, and that Kwosek's conduct evinced a distraught but not a depraved mind.

Regardless of the physical freedom Besker had in the afternoon of October 2d and the morning of the third, the crime of false imprisonment was completed when

Kwosek restrained Besker for two to two and one-half hours in the upstairs bedroom at gunpoint. The sufficiency of the evidence to prove the crime of endangering the safety of another by conduct regardless of life is not so apparent, but there is no dispute that Kwosek aimed the gun at Besker. The issue is the intent of Kwosek. Kwosek claims his mind was distraught but not depraved and this he could prove by evidence of the prior sexual relations he had with Mrs. Besker, which was the reason for Mr. Besker's persecuting him or attempting to get his parole revoked, which upset Besker.

The trial court did allow in evidence of the marital triangle and such incidents of sexual intercourse between Kwosek and Mrs. Besker of which Besker had knowledge. This evidence bearing on Kwosek's motive to talk to Besker was admissible. Restriction was placed only upon evidence of extramarital relations unknown to Besker, which was irrelevant to Besker's actions and thus not probative of Kwosek's motive for going to the home to convince Besker to cease harassment. In any event, the jury was well informed of the marital triangle and of Kwosek's motive for entering Besker's home with a loaded rifle.

We do not agree with Kwosek that what appeared to him to be a good reason for carrying a gun—namely, to talk to Besker and convince him to cease harassment —disproved the existence of a depraved mind. One can become so obsessed with the righteousness of his cause that his mind acts unreasonably and reaches that state of depravity which constitutes an element of the crime of endangering safety of another by conduct regardless of life under sec. 941.30, Stats. Kwosek might have gone to Besker's home and talked to Besker about the problem without taking a gun along. Evidence of his entering the premises under the circumstances of this case, armed with a gun, aiming it at a person and stating he was

going to kill him is sufficient to establish a depraved mind within the meaning of the statute.

Kwosek argues that references to the prior conviction of second-degree murder of his wife denied him a fair trial. The testimony and closing remarks which referred to his conviction for killing his wife were not objected to and in fact some of the facts were brought out by defense counsel.

It is a well-established rule of law that evidence of prior crimes may not be introduced to show the defendant's general bad character or his commission of other specific unconnected acts because such evidence has a tendency to prejudice the jury's mind and to lead them to conclude that because the defendant acted wrongly in the past it is likely he also committed the offense charged. *Fossdahl v. State* (1895), 89 Wis. 482, 62 N. W. 185; *Paulson v. State* (1903), 118 Wis. 89, 94 N. W. 771; *Rice v. State* (1928), 195 Wis. 181, 217 N. W. 697; *State v. Adams* (1950), 257 Wis. 433, 43 N. W. 2d 446; *State v. Raether* (1951), 259 Wis. 391, 48 N. W. 2d 483. Exceptions to this rule do exist, however. One is where the other crimes or occurrences are so connected with the offense charged that they tend to prove an element of the latter, such as specific intent or guilty knowledge. *Dietz v. State* (1912), 149 Wis. 462, 136 N. W. 166; *Smith v. State* (1928), 195 Wis. 555, 218 N. W. 822; *Kluck v. State* (1937), 223 Wis. 381, 269 N. W. 683; *Herde v. State* (1941), 236 Wis. 408, 295 N. W. 684. Related to this is the admission of such evidence when the crime alleged is part of a scheme or plan which includes the prior crimes. *State v. Meating* (1930), 202 Wis. 47, 231 N. W. 263; *Smith v. State, supra.* When the identity of the criminal is at issue, evidence of prior offenses of a like or unique nature may also be shown for purposes of identifying the defendant as the one who perpetrated the crime charged. *Herde v. State, supra; Bridges v. State* (1945), 247 Wis. 350, 19

N. W. 2d 529, rehearing denied, 19 N. W. 2d 862; *State v. Stevens* (1965), 26 Wis. 2d 451, 132 N. W. 2d 502; *Whitty v. State* (1967), 34 Wis. 2d 278, 149 N. W. 2d 557, certiorari denied, 390 U. S. 959, 88 Sup. Ct. 1056, 19 L. Ed. 2d 1155. Should such an exception be claimed, the trial judge under the rule of *Whitty* must exercise his discretion to determine whether any prejudice resulting from such evidence outweighs its probative value. This is consistent with sec. 904.03 of the Wisconsin Rules of Evidence.[3]

In addition, evidence of prior crimes is admissible for purposes of impeachment when, on direct or cross-examination, the defendant denies he has been convicted of a crime, misrepresents the number of prior convictions, or claims to have a lapse in memory. In such an event, the prosecutor may question the defendant as to the nature of the crimes or refresh the defendant's memory through reference to convictions by name. *State v. Adams, supra; Nicholas v. State* (1971), 49 Wis. 2d 683, 183 N. W. 2d 11; *see also: Rausch v. Buisse* (1966), 33 Wis. 2d 154, 146 N. W. 2d 801.

While none of these exceptions apply to this case, there is no reversible error because any objection to the admissibility of the evidence was waived. *Strait v. State* (1969), 41 Wis. 2d 552, 164 N. W. 2d 505; *see also: State v. Midell* (1968), 39 Wis. 2d 733, 159 N. W. 2d 614.

*By the Court.*—Judgment affirmed.

[3] "904.03 **Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.** Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." 56 Marq. L. Rev. 208.