515 P.2d 851

**STATE of Arizona, Appellee,**

v.

**Carl Anthony THOMAS, Appellant.**

**No. 2434.**

Supreme Court of Arizona,
In Division.

Nov. 15, 1973.

Rehearing Denied Dec. 18, 1973.

Gary K. Nelson, Atty. Gen., Moise Berger, Maricopa County Atty., Andrew M. McDonald, Deputy County Atty., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Roger H. Lichty, Deputy Public Defender, Murray Miller, Philip M. Haggerty, Phoenix, for appellant.

LOCKWOOD, Justice:

The defendant in this case, Carl Anthony Thomas, appeals from a judgment entered on the trial court's verdict finding him guilty of first degree rape and assault with a deadly weapon and from a sentence of ninety to ninety-nine years for the crime of rape and a concurrent sentence of from five to ten years for the crime of assault.

On February 10, 1971 an information was filed in Maricopa County Superior Court charging the defendant with first degree rape in violation of A.R.S. § 13–611 and assault with a deadly weapon in violation of A.R.S. § 13–249. Defendant pleaded not guilty and waived his right to a trial by jury.

The state's case consisted of the testimony of more than ten witnesses. The first witness for the state was the alleged victim who testified concerning the details of the attack and positively identified the defendant as the attacker. Next the state called as witnesses three other alleged victims of assaults by the defendant. Before each witness testified, defense counsel moved to suppress the testimony on the grounds that the proposed testimony was not related to the allegations contained in the information. The testimony of all the alleged victims was admitted over the defendant's objections. Each of the alleged victims testified as to the details of the assaults and positively identified the defendant as the assailant.

Officer Jeanette Reed also testified on behalf of the state. She testified that the modus operandi revealed in the police reports associated with the defendant's file which had not been admitted into evidence revealed several points of similarity. These points of similarity were the method of entering the house, things that occurred while the assailant was in the house, the act of rape itself, and whether or not there was any tangible physical evidence of the

man having been there. On a motion by the defense copies of the reports were given to the defendant. The defendant attempted to cross-examine the witness concerning the reports but the prosecution objected to that line of questioning as being immaterial. The court upheld the objection. The court ruled that the defense could make an offer of proof but that it would not be admitted into evidence.

The defendant's case consisted of alibi witnesses for the date on which one of the rapes occurred. Other witnesses testified as to the defendant's habit of being picked up for work about the time the alleged victim named in the information was attacked. The defendant also took the stand in his own behalf and denied raping anyone.

On rebuttal the state called the defendant's wife who testified against the defendant. The court then found the defendant guilty as charged.

## DENIAL OF A FAIR AND IMPARTIAL TRIAL

Defendant argues various instances in which he was allegedly denied the right to a fair and impartial trial.

First it is asserted that it was error for the trial court to have admitted the testimony of the three witnesses who were allegedly raped by the defendant.

■ It is well established that the prosecution in criminal cases may not offer evidence of other unrelated criminal acts of the accused. State v. Hughes, 102 Ariz. 118, 426 P.2d 386 (1967); State v. Little, 87 Ariz. 295, 350 P.2d 756 (1960); State v. Byrd, 62 Ariz. 24, 152 P.2d 669 (1944). However, there are a number of exceptions to this general rule. One exception is that past criminal acts may be admissible to show a distinctive plan or scheme. State v. Finley, 85 Ariz. 327, 338 P.2d 790 (1959). Such evidence is also admissible in order to prove the identity of the assailant. State v. Fierro, 107 Ariz. 479, 489 P.2d 713 (1971).

■ An examination of the record reveals that the testimony of the witnesses established that a similar modus operandi was used in each assault. The facts indicate that the assailant must have conducted extensive surveillance of his victims before he attacked them. The crimes all took place in the homes of the victims. The geographical location of the crimes was either in the defendant's neighborhood or in areas where he previously resided. The record also shows that the assailant either attempted to or actually succeeded in covering the faces of his victims. In three of the four rapes the assailant concealed his own face. In those cases where the victims had infant children present in the home, the assailant threatened to harm the children unless the mother cooperated. In cases where there were no children present the assailant threatened the victim with a knife. In all the attacks the assailant experienced a pronounced personality change after the rape was committed and expressed concern over the victim's comfort and enjoyment. Finally in every case the witnesses positively identified the defendant as their attacker. Thus the testimony of the three witnesses was clearly admissible in order to establish both a common modus operandi and the identity of the assailant.

Next the defendant contends certain testimony by Officer Reed should not have been admitted.

■ It is well settled that a defendant may not permit evidence to be introduced without objection and later make its admission grounds for a mistrial. State v. Williams, 107 Ariz. 262, 485 P.2d 832 (1971); State v. Totress, 107 Ariz. 18, 480 P.2d 668 (1971). Here there were timely objections, and the state failed to go forward with the testimony. In this setting we can find no reversible error.

Defendant's next designation of error is that the refusal of the trial court to admit his offer of proof concerning the police reports associated with the defendant into

evidence denied him his constitutional right to confront the witness.

We have previously held that the constitutional right to cross-examine witnesses does not give the defendant a license to ask questions concerning completely irrelevant matters. State v. Shaw, 93 Ariz. 40, 378 P.2d 487 (1963). Our examination of the record indicates that the prosecution offered Officer Reed's opinion for the express purpose of avoiding an examination of all the police reports involving the defendant. In addition the trial judge had previously sustained objections by the defense counsel to the admittance of testimony concerning the reports. Thus while there is broad leeway in cross-examination, the control of cross-examination is left to the sound discretion of the trial judge and will not be disturbed on appeal in the absence of a showing from the record of an abuse of discretion. State v. Altman, 107 Ariz. 93, 482 P.2d 460 (1971). Thus we find no abuse by the court in refusing to allow the defense to confront a witness concerning the police reports.

## DENIAL OF A FAIR AND IM-PARTIAL PRE-SENTENCING HEARING

Defendant argues that the exhibits admitted into evidence were based upon hearsay and that he could not cross-examine the persons who made the original statements upon which the exhibits were based. This he contends deprived him of his right to confrontation which amounted to a denial of a fair and impartial presentencing hearing. Two of the exhibits in question were prepared by Officer Reed. One was a graph showing the absence of cat type rapes while defendant was out of the state and the almost total disappearance of such rapes after the defendant's arrest. The other exhibit showed locations where the defendant had resided and their relationship to the cat type rapes and burglaries which had occurred. Defendant also objects to the admission of a police investigation report concerning the rape and

mutilation of an elderly woman where the defendant was positively identified as the assailant. In addition the police arrest report detailing the arrest of the defendant for vagrancy and two "field interrogation cards" are now objected to.

The rules governing the admissibility of evidence at trial including the right to confrontation and hearsay, do not apply at a hearing in aggravation. In the leading case in this area the United States Supreme Court held that the due process clause of the 14th Amendment does not require that a person who has been convicted after a fair trial be confronted with and permitted to cross-examine witnesses at a hearing in aggravation. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). In a more recent decision, the United States Supreme Court in Williams v. Okl., 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1957), rehearing denied, 359 U.S. 956, 79 S.Ct. 737, 3 L.Ed.2d 763 (1959) said:

> " * * * once the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court but may, consistently with the Due Process Clause of the Fourteenth Amendment, consider responsible unsworn or 'out-of-court' information relative to the circumstances of the crime and to the convicted person's life and characteristics." 358 U.S. 584, 79 S.Ct. 426.

In the case at bar the exhibits and the graph were all prepared from information contained in official police reports. The defense was provided with the entire prosecution file along with every police department file where the defendant was a suspect in a rape. The defendant and his counsel were present at all stages of the aggravation hearing and were confronted personally with every piece of information directed against him. He was free to dispute them or produce any witness or other

documentation to dispute the state's evidence. He had the right to show any evidence which would mitigate the seriousness of the crime of which he had been convicted. Under these circumstances there was no denial of defendant's right to a fair and impartial hearing.

### MOTION FOR NEW TRIAL

Prior to sentencing, defendant made a motion for a mistrial on the grounds of newly discovered evidence which indicated that his wife had not voluntarily requested to testify against him. In asking for a mistrial at that point in the proceedings, the motion was in substance a motion for a new trial. The trial court denied both the motion and the defense counsel's offer of proof. Defendant contends that because her testimony was the product of duress it was inadmissible and that defendant's case was materially prejudiced by its admission.

■ We cannot agree with the defendant's contentions. A.R.S. § 13–1802 provides that either spouse may at his or her request but not otherwise, be examined as a witness for or against the other in a prosecution for bigamy or adultery, committed by either spouse, or for rape, seduction, the crime against nature or any similar offense, committed by the husband. See Zumwalt v. State, 16 Ariz. 82, 141 P. 710 (1914). Thus the wife could exercise her privilege of testifying so long as her testimony was voluntarily given and the defendant could not invoke her disqualification and prevent her testifying. An examination of the record reveals the following exchange involving the defendant's wife who was called as a witness for the state:

"Q. Is it your wish to testify in this matter?

"A. Yes, it is.

\* \* \* \* \* \*

"Q. Trudy, did you request that you be allowed to testify in this case?

"A. I didn't request it, but I want to now.

\* \* \* \* \* \*

"THE COURT: \* \* \* Are you telling us you do request to testify or you do not?

"THE WITNESS: I do.

"THE COURT: You do?

"THE WITNESS: Yes, sir.

\* \* \* \* \* \*

"Q. All right. Now, since that time you have requested that you be allowed to testify. Is that true or not?

"A. Yes.

"Q. Now when?

\* \* \* \* \* \*

"A. Well I never really said I was going to until today and I wanted to.

"Q. Until today?

"A. Yes.

\* \* \* \* \* \*

"Q. All right. And then you had to today?

"A. I didn't have to. I wanted to today.

"Q. What encouraged you? What made you want to today?

"A. I just do, because I think its right."

■ Based on the foregoing exchange which occurred in open court there can be no doubt that the trial court judge did not abuse his discretion in denying defendant's motion for a mistrial and denying his offer of proof.

### EXCESSIVE SENTENCE

Defendant's final assignment of error is that the trial court's sentence of from 90 to 99 years for the crime of first degree rape was excessive and resulted in an abuse of discretion.

The defendant was convicted of first degree rape and assault with a deadly weapon in connection with the same crime. The record indicates that the defendant had two prior felony convictions and had served time in the Arizona State Prison. Pending against the defendant were six separate cases involving sex crimes and three additional cases involving burglary.

The defendant had also been positively identified by eighteen different women as the person who had raped them. While on the witness stand the defendant admitted that he had committed numerous burglaries and grand thefts. Finally, the defendant had been identified as the assailant in a pending case involving an elderly woman who had been raped and mutilated by her attacker.

We have recited these facts at some length to explain why the defendant's sentence was not excessive. Furthermore, we have repeatedly held that the trial judge is in the best position to study the defendant and his discretion in the matter of sentencing will not be disturbed except in the most unusual circumstances provided it is within the statutory limits. State v. Rogers, 109 Ariz. 55, 505 P.2d 226 (1973).

Judgment affirmed.

HAYS, C. J., and HOLOHAN, J., concur.