SANFORD, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–861–CR. Argued January 6, 1977.—*
*Decided February 15, 1977.*
(Also reported in 250 N. W. 2d 348.)

For the plaintiff in error the cause was argued by *Alvin E. Whitaker,* assistant state public defender, with whom on the brief was *Howard B. Eisenberg,* state public defender.

For the defendant in error the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

ROBERT W. HANSEN, J. This appeal centers its attack on the trial court ruling that evidence of the prior incident above involving this defendant was admissible in his trial on the charge of rape.

In this state, by statute, evidence of other crimes, wrongs or acts is not admissible "to prove the character of a person in order to show that he acted in conformity therewith," but is not excluded "when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, *identity,* or absence of mistake or accident."[1] [Emphasis supplied.] In the instant case, the trial court admitted the challenged testimony as to the prior incident on the issue of identity. With the defense that of alibi, and the identification of defendant by the victim of the rape challenged, the issue as to the identity of the rapist was the principal issue at the trial of this defendant.

It is well settled in this state that evidence of other crimes may be admitted "for the limited purpose of identifying the defendant by means of the method of operation as the person who committed the particular crime charged."[2] That is the majority rule in other jurisdictions as well.[3] This court has stated the rule to be: ". . . evidence of prior crimes is admissible when such evidence is particularly probative in showing elements of the specific crime charged, intent, *identity,* system of criminal activity, to impeach credibility. . . ."[4] [Emphasis supplied.]

---

[1] Sec. 904.04(2), Stats.

[2] *State v. Stevens,* 26 Wis.2d 451, 456, 132 N.W.2d 502, 505 (1965). *See also: Bridges v. State,* 247 Wis. 350, 19 N.W.2d 529, 19 N.W.2d 862 (1945); *Herde v. State,* 236 Wis. 408, 295 N.W. 684 (1941).

[3] *See:* Annot., *Admissibility in Prosecution for Sexual Offenses, of Evidence of Other Similar Offenses,* 77 A.L.R.2d 841, 859 (1961), and A.L.R.2d Later Case Service (1974) and cases cited therein.

[4] *Whitty v. State,* 34 Wis.2d 278, 292, 149 N.W.2d 557, 563 (1967).

▮ Applying this rule in Wisconsin, " 'A greater latitude of proof as to other like occurrences is allowed in cases of sexual crimes.' "[5] Thus, in a recent rape case, an articulated preference for virgins in a prior statement made by defendant was held admissible as "an identifying characteristic."[6] More recently, in a case involving indecent liberties with a minor, prior acts "ranging from inappropriate comments to a girl, to enticing a minor for immoral purposes," were held admissible as having "a logical connection with the charged offense."[7]

Despite the statute and controlling case law, defendant argues that evidence as to the prior sexual assault was improperly admitted because it lacked probativeness, since it was not "similar enough in character" to the crime charged. Defendant relies upon the case in which this court held that only evidence of "prior offenses of a like or unique nature" may be shown for purposes of identifying the defendant as one who perpetrated the crime charged.[8]

▮ The requirement of similarity is here clearly met. Striking similarities between the rape alleged and the prior incident include: (1) Both victims emerging from a bus at night and walking toward their homes; (2) innocuous questions asked of the victim by her attacker to stop her and hold her attention; (3) each victim grabbed from behind, an object stuck in her back and the victim told by her assailant that he had a gun; (4) a garage

[5] *Hendrickson v. State*, 61 Wis.2d 275, 277, 212 N.W.2d 481 (1973), quoting *Proper v. State*, 85 Wis. 615, 630, 55 N.W. 1035 (1893) (a rape case).

[6] *Hough v. State*, 70 Wis.2d 807, 814, 235 N.W.2d 534, 537 (1975).

[7] *State v. Tarrell*, 74 Wis.2d 647, 247 N.W.2d 696, 703 (1976).

[8] *Kwosek v. State*, 60 Wis.2d 276, 281, 208 N.W.2d 308 (1973).

selected as the place for the assault; (5) a threat to kill or shoot in order to insure silence; (6) both victims ordered to disrobe and both required to lie down on a jacket; and (7) in each case the purpose of the assault was to commit rape, accomplished in one instance, avoided in the other only by the victim seeking the delay which resulted in the apprehension of the assailant. The prior incident meets the test of probativeness as a "prior offense of a like or unique nature."[9]

Additionally, defendant contends the prior incident here was not "approximate enough in time" as to be probative of the issue at trial. Our court has held that the probative value of a prior incident "depends in part upon its nearness in time, place, and circumstances to the alleged crime or element sought to be proved."[10] Remoteness in point of time does not necessarily render evidence irrelevant ". . . but it may do so where the lapsed time is so great as to negative all rational or logical connection between the fact sought to be proved and the remote evidence offered in proof thereof."[11]

However, in the same decision, we held that "Rejection of evidence because of remoteness rests in the trial court's discretion."[12] In the exercise of such discretion, the element of remoteness in time "must be balanced against the uniqueness of the prior act of which evidence is

[9] *Id.* A majority of jurisdictions would admit evidence of this prior offense. *See, e.g., State v. Taylor,* 290 Minn. 515, 187 N.W.2d 129, 131, 132 (1971); *State v. Thomas,* 110 Ariz. 106, 108, 515 P.2d 851, 853 (1973); *Fivecoat v. State,* 244 So.2d 188 (Fla. App. 1971). *See also:* Annot., *supra,* n. 3.

[10] *Whitty v. State, supra,* n. 4, at 294, 149 N.W.2d at 564.

[11] *Rausch v. Buisse,* 33 Wis.2d 154, 166, 146 N.W.2d 801, 807 (1966).

[12] *Id.* at 166, 146 N.W.2d at 807.

offered."[13] In the case before us, the trial court held that the evidence of the prior incident, one and one-half years earlier in point of time, was not so remote in time as to render it without probative value.

We agree with that finding, but also note that any issue as to remoteness of the prior incident is almost completely defused by the fact that during the time gap between the prior incident and the rape, defendant was in confinement in a correctional institution. At oral argument it was agreed by state and defense that the defendant was thus confined. In fact he was released only a few days before the assault involved in this appeal, according to the oral argument. Thus the defendant returned to the same neighborhood to repeat the same plan or pattern of conduct at very nearly his earliest opportunity so to do. With the element of opportunity to repeat added, the time span between the prior incident and the present criminal offense becomes a matter of days, not months or years. Accordingly, probativity of the prior incident is not attenuated by the time factor.

This court requires trial courts to consider and determine "whether the prejudice of other-crimes evidence is so great as compared with its relevancy and the necessity for its admission in the particular case as to require its exclusion."[14] Thus, in the very recent *Tarrell Case,* as to prior acts ranging from inappropriate comments to a girl to enticing a minor for immoral purposes, our court agreed with the trial court that, "[w]hile the admission

[13] *Hough v. State, supra,* n. 6, at 815, 235 N.W.2d at 539, this court agreeing with the trial court that the lapse of one year did not make the prior act so remote as to lack evidentiary value, and adding, "Nor were the circumstances of the prior statement so dissimilar as to require its exclusion from evidence."

[14] *Whitty v. State, supra,* n. 4, at 295, 149 N.W.2d at 564. *See,* sec. 904.03, Stats.

of this evidence was prejudicial, it was extremely relevant and was appropriately admitted. The probative value exceeded the prejudicial effect and as such was admissible."[15] Just so, in the case before us, we agree with the trial court that the probative value of the evidence as to the prior incident exceeded the prejudicial effect and was admissible.

As a separate and independent base for attack upon the admission of evidence as to the prior incident, defendant contends that such evidence related to an alleged prior act of the defendant, committed while a juvenile, and hence was not admissible under sec. 48.38(1), Stats.[16] Reliance is on the decision of this court holding that juvenile court records cannot be used to impeach a juvenile witness since such records do not constitute evidence of conviction of a crime.[17]

The short answer is that no reference to or record of any juvenile court proceedings was introduced at the time of the rape trial of this defendant. No transcript of proceedings in the juvenile court was offered or admitted. Merely because defendant was under the age of majority at the time of the prior incident does not in itself bring the testimony of the victim as to what then transpired within the reach of either sec. 48.38, Stats., or the *Banas* holding.

A shorter answer would be that this issue as to nonadmissibility under sec. 48.38(1), Stats., was not raised by defendant in motions after verdict in the trial court. Our

[15] *State v. Tarrell, supra,* n. 7, at 656, 247 N.W.2d at 703.

[16] Sec. 48.38(1), Stats., providing in pertinent part: ". . . The disposition of any child's case or any evidence given in the juvenile court shall not be admissible as evidence against the child in any case or proceeding in any other court. . . ."

[17] *Banas v. State,* 34 Wis.2d 468, 474, 149 N.W.2d 571, 574 (1967), cert. denied 389 U.S. 962 (1967).

court has made clear that no error of a trial court is to be reviewable as a matter of right on appeal "without first moving in the trial court for a new trial bottomed on such error."[18] The rule is applicable to all claimed error,[19] and applies to criminal jury cases, as well as civil cases.[20] This court may elect to review the claim of error if compelling circumstances are present,[21] but that is discretionary with this court.[22] Thus under the rule this defendant is not entitled to review of this issue.

Finally, defendant contends it was error for the trial court to permit the prosecution to impeach testimony of the defendant via the use of evidence of the details and circumstances of a prior incident which led to a prior juvenile adjudication. This is very nearly a rerun of the issue dealt with above. The reference is to the testimony of the police officer as a rebuttal witness. The officer testified that the defendant had admitted forcing the victim in the prior incident to commit acts of sexual perversion. This followed defendant's testimony on the witness stand that he had not forced the victim in the

[18] *Wells v. Dairyland Mut. Ins. Co.*, 274 Wis. 505, 518, 80 N.W.2d 380, 387 (1957).

[19] *Jonas v. Northeastern Mut. Fire Ins. Co.*, 44 Wis.2d 347, 351, 171 N.W.2d 185, 186 (1969).

[20] *Baldwin v. State*, 59 Wis.2d 116, 118, n. 1, 207 N.W.2d 630, 631, n. 1 (1973), this court holding: "Alleged error not presented to the trial court on motions after verdict are not entitled to review by this court as a matter of right." Citing *Bullock v. State*, 53 Wis.2d 809, 812, 193 N.W.2d 889 (1972); *State v. Schneidewind*, 47 Wis.2d 110, 119, 120, 176 N.W.2d 303 (1970); *State v. Escobedo*, 44 Wis.2d 85, 89, 170 N.W.2d 709 (1969).

[21] *Bullock v. State, supra,* at 812, 193 N.W.2d at 890, holding that ". . . absent compelling circumstances in criminal cases tried before a jury, alleged errors not presented to the trial court on motions after verdict are not entitled to review by this court as a matter of right." Citing *Finger v. State*, 40 Wis.2d 103, 161 N.W.2d 272 (1968), and other cases.

[22] *Id.* at 812, 193 N.W.2d at 890. *See also: Williams v. State*, 50 Wis.2d 709, 184 N.W.2d 844 (1971).

earlier incident to commit acts of sexual perversion and his denial that he had admitted doing so to a Milwaukee police officer.

Defendant contends such impeachment of defendant's testimony violates sec. 906.09(4), Stats., which provides that: "Evidence of juvenile adjudications is not admissible under this rule." This is a limitation on sec. 906.09 (1), Stats., which permits admissibility of evidence that a witness has been convicted of a crime for purposes of attacking credibility. This statute refers to a "juvenile adjudication." There is no evidence or record of a prior juvenile court "adjudication" being admitted into evidence in the case before us. Thus the statute relied upon does not reach or refer to the situation here presented.

The defendant testified on cross-examination that he did not make certain admissions to police officers who questioned him concerning the prior sexual assault. In rebuttal, to impeach such testimony, the state called to the witness stand a police officer who testified that the defendant did make the certain specified admissions to him and his partner. There was no reference in the police officer's testimony to any "juvenile adjudication" to which sec. 906.09(4), Stats., refers and relates. We find no error in permitting the police officer to testify in rebuttal as to statements made to him by the defendant.

At the outset the trial court issued a two-prong order. First, the court held that evidence contained in the state's offer of proof of the prior incident was admissible on the issue of identity. Second, the court held that if the defendant took the stand and denied the prior incident, the state could impeach his testimony with incriminating statements allegedly made by defendant to a police officer who had investigated that incident. That is what the trial

court authorized, and that is what transpired. It is that order of the trial court, and all portions of it, that we, here and now, affirm.

*By the Court.*—Judgment and order affirmed.

ABRAHAMSON, J. (*dissenting*). For reasons similar to ones I expressed more fully in my dissenting opinion in *State v. Tarrell*, 74 Wis.2d 647, 661, 247 N.W.2d 696 (1976), I believe the majority has erred in its application of sec. 904.04(2), Stats., to this fact situation. I respectfully dissent.

I have read the record, and I do not find that the other offense offered in evidence here was "of a like or unique nature" to the offense charged. To prove identity the other like crimes must be so nearly identical, so unusual and distinctive, as to be like the defendant's signature. McCormick on Evidence, sec. 190, p. 449 (2d ed. 1972). A careful study of the list in the majority opinion of the "similarities" between the offense charged and the single prior act shows that many of the points of similarity would be points of similarity between any two rape cases.

Even if one finds the prior act probative on the issue of identity (or modus operandi), I conclude the probative value of the evidence was far outweighed by the danger of undue prejudice.