PINCZKOWSKI, Plaintiff in error, v. STATE, Defendant in error.

*No. State 148. Argued April 2, 1971.—Decided May 4, 1971.*
(Also reported in 186 N. W. 2d 203.)

For the plaintiff in error there were briefs by *Harry F. Peck* and *Hayes, Peck, Perry & Gerlach,* all of Milwaukee, and oral argument by *Harry F. Peck.*

For the defendant in error the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *E. Michael McCann,* district attorney of Milwaukee county.

HEFFERNAN, J.  The only issues raised on appeal concern the admissibility of the statement given by Pinczkowski after he surrendered himself in the early morning hours of October 29, 1966.  The defendant contends that the confession should have been excluded on the grounds that the defendant, upon his surrender to the police department, should have been taken before a magistrate for an initial appearance and that the interval of time between his surrender and his appearance before a magistrate constituted an unlawful detention which must automatically result in the exclusion of any statement given during that interval.  Counsel additionally claims that he was given no notice that a confession would be offered in evidence at the trial and that, therefore, defendant was entitled to a separate *Goodchild*-type hear-

ing [1] as a prerequisite to the state's offering in evidence Pinczkowski's confession.

We agree with the defendant's contention that any evidence of an unreasonable detention prior to bringing a defendant before a magistrate may vitiate a statement elicited in the interval. The problem with the defendant's assertion is that the record is absolutely silent on the length of detention prior to the initial appearance. The detention may have been only a matter of minutes or it may have been almost twenty-four hours. The record indicates, however, that the surrender and the initial appearance were on the same date. The record reveals that the defendant turned himself in at approximately 12:30 a. m. on the morning of October 29th and that sometime prior to his appearance before a magistrate, he gave his confession.

In the absence of any evidence of an inordinately long period of detention, the defendant relies upon the proposition that a time interval long enough for a defendant to give a confession is by that fact alone unreasonably long. We cannot so conclude, and the mere fact that a statement was given in the interval is not dispositive of the question as a matter of law. We pointed out in *Phillips v. State* (1966), 29 Wis. 2d 521, 533, 139 N. W. 2d 41, that, if there has been an arrest for a proper purpose and the interrogation is expeditiously carried out, the detention is not therefore ipso facto coercive merely because an interrogation took place prior to the initial appearance. There is nothing in the record to show that the defendant was not expeditiously brought before a magistrate. In the absence of such facts being asserted, the state is not required to assume the burden of showing that the period of detention was not unreasonable.

[1] *State ex rel. Goodchild v. Burke* (1965), 27 Wis. 2d 244, 133 N. W. 2d 753.

Additionally, the defendant contends that there was no notification prior to trial that a confession would be offered. It is argued that, to make such confession admissible, there must be prior notification and that a separate *Goodchild*-type hearing must be held. In *Roney v. State* (1969), 44 Wis. 2d 522, 171 N. W. 2d 400, we discussed the assertion of the defendant therein that a confession could not be admitted unless there were a special notice in advance of trial that a confession would be offered in evidence. We discussed the suggestion appearing in *State ex rel. Goodchild v. Burke, supra,* that there be advance notice by the prosecutor that a confession or admission would be offered in trial. We pointed out in *Roney, supra,* page 535, however, "We do not consider the suggestion with regard to notice the *sine qua non* for the introduction of a statement under either *Miranda* or *Goodchild.*" We went on to point out that the suggestion was a rule of administration and that it was made for the purpose of having the admission of confessions handled in an orderly fashion without the necessity of disrupting a jury trial for the purpose of having an unanticipated *Goodchild* hearing. We said that, when no prior notice was given, the defendant's remedy was to ask for whatever delay might be reasonable to prepare for a hearing on the voluntariness of the confession. In the instant case, counsel made no such request. Instead, counsel proceeded with the trial and cross-examined the police officer in regard to the circumstances of the taking of the confession.

The evidence adduced at the trial in regard to the giving of the confession indicated that the defendant was fully advised of his rights prior to the taking of the confession and there was evidence that the confession was understandingly given without the inducement of any promises or the threat of force or coercion. The evidence of record is sufficient to show that the statement was voluntarily given.

In the series of cases commencing with *State ex rel. Goodchild v. Burke, supra,* we adopted the rule which requires that the proceeding be held separately out of the presence of the jury and that the trial judge make findings in regard to voluntariness. The *Goodchild* rule as it applies to jury trials is not applicable in its procedural aspects to a trial before the court. There need be no interruption in the proceedings and the evidence as to voluntariness of the confession is therefore properly a portion of the trial before the fact-finding judge. Nor need that portion of the trial be denominated as a *Goodchild* hearing. The substantive requirements of the *Goodchild* hearing must be complied with, however. Before a confession can be used, it must be shown to have been taken under the constitutionally antiseptic conditions of voluntariness outlined in *Goodchild.* There need not be formal findings of fact in this respect, although to avoid confusion it is clearly the better practice for the trial judge to state that, on the basis of the evidence elicited, he finds the confession to have been voluntarily given and to state that such finding is made in lieu of the *Goodchild* findings that are appropriate where the trial is to a jury.

We conclude that the confession was properly admitted into evidence after the testimony revealed that it was voluntary and that in the absence of some evidence showing delay in the production of the defendant for an initial appearance, there is no burden on the state to show that the delay was not unreasonable. The mere fact that a confession was voluntarily given between the time the defendant was placed in custody and the time of his initial appearance does not, as a matter of law, give rise to the inference that there was an unreasonable period of detention.

*By the Court.*—Order affirmed.