STATE, Plaintiff in error, v. HERNANDEZ, Defendant in error.

*No. State 73. Argued October 31, 1973.—Decided November 27, 1973.*
(Also reported in 212 N. W. 2d 118.)

254

For the plaintiff in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the defendant in error there was a brief and oral argument by *Paul B. Lange* of Racine.

BEILFUSS, J.   Did the trial court err in suppressing the statement and did it err in not receiving the statement for the limited purpose of determining whether it

was voluntary and in compliance with *Miranda* requirements?

Following the decision of the United States Supreme Court in *Jackson v. Denno* (1964), 378 U. S. 368, 84 Sup. Ct. 1774, 12 L. Ed. 2d 908, this court, in *State ex rel. Goodchild v. Burke, supra,* adopted the rule that the state must prove beyond reasonable doubt that statements given to the police were voluntary.

We stated at pages 264, 265:

"At the hearing on the issue, the trial judge sitting alone shall make a determination upon a proper record upon the issue of voluntariness. The state shall have the burden of proving voluntariness beyond a reasonable doubt. At this hearing the defendant may take the stand and testify for the limited purpose of making a record of his version of the facts and circumstances under which the confession was obtained. By so doing, the defendant does not waive his right to decline to take the stand in his own defense on the trial in chief. Neither does he waive any of the other rights stemming from his choice not to testify."

In June of 1966, the Supreme Court of the United States, in *Miranda v. Arizona, supra,* held that before the police could take an in-custody statement from a defendant they must inform the defendant that he has a right to be silent; that anything he says can be used against him in court; that he must be informed of his right to have a lawyer and to have the lawyer present if he gives a statement; that if he is indigent a lawyer will be appointed for him, and that he can discontinue the statement at any time. Further, there must be a showing that he intelligently waived these rights. In *Miranda, supra,* the court also stated at page 479:

". . . After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement. But unless and

until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him."

In *Roney v. State* (1969), 44 Wis. 2d 522, 171 N. W. 2d 400,[2] we discussed the procedure and objectives of the hearing before the court to determine the admissibility of a confession or statement given by the accused. If the statement was a result of an in-custody police interrogation the state has the obligation to establish that the defendant was informed of his constitutional rights as set forth in *Miranda,* that he understood them and intelligently waived them. In addition, the state has the burden under *Goodchild* to establish that the statement was voluntary.

The state has the burden to establish these facts beyond reasonable doubt. It does not follow, however, that the state, at its peril, must negate all possible relevant and material facts or factual situations which might be important to the ultimate facts of waiver of *Miranda* rights and voluntariness of the statement. When the state has established a prima facie case of waiver of *Miranda* rights and voluntariness of a statement of an in-custody police interrogation in the absence of countervailing evidence, the statement should be admitted into evidence. If the state has made out a prima facie case and the defendant wants to resist the admission of his statement he has the duty to go forward with the evidence to contradict the evidence offered by the state or offer additional material and relevant evidence which may affect the finding of the ultimate fact. In doing so he does not forfeit his right not to incriminate himself as guaranteed by the fifth amendment of the United States Constitution.[3]

---

[2] *See also: Pinczkowski v. State* (1971), 51 Wis. 2d 249, 186 N. W. 2d 203.

[3] *See State ex rel. Goodchild v. Burke, supra.*

At a *Goodchild* hearing the sole issue to be determined is voluntariness, and at a *Goodchild-Miranda* hearing voluntariness and an intelligent waiver of *Miranda* rights. The question of trustworthiness is not at issue in these hearings, that question is left for the trier of fact at the trial after the statement has been received in evidence.[4]

We are reluctant to precisely enumerate all of the facts necessary to establish a prima facie showing for all cases because of the variant factual situations that may arise. We do say, however, as a generalization to the *Miranda* question, that when the state has established that defendant has been told or has read all the rights and admonitions required in *Miranda,* and the defendant indicates he understands them and is willing to make a statement, a prima facie case (case is used in the limited sense of the issue at hand) has been established. As to the *Goodchild* question of voluntariness, when the state has established that the statement to be offered is, in fact, the statement of the defendant, that he was willing to give it, and that it was not the result of duress, threats, coercion or promises, the statement is prima facie voluntary and in the absence of countervailing evidence it should be received.

In this instance the trial court also refused to receive the written statement in evidence, for any purpose, upon the basis that a proper foundation had not been shown. We believe this was error. Here, the officer identified the defendant and the circumstances of where and when the statement was given. He identified the handwriting as his and explained he wrote it word for word as the defendant had given it, that the defendant read the statement over himself and signed it, and that he signed it as a witness. This was a sufficient foundation to receive the statement for, again, the limited purpose of

---

[4] *Roney v. State, supra.*

determining the voluntariness and compliance with *Miranda*. The statement itself may contain significant evidence, pro or con, on these issues, and as such is material and admissible for its limited purpose.

In the case at hand, the state's brief sets forth an adequate resumé of the testimony as follows:

". . . Detective Lee Wittke, who was the sole witness for the state, testified that as a detective with the Racine county sheriff's department, he talked to the defendant at the Racine county jail on February 12, 1971; that defendant indicated that he would be willing to talk to the witness, who advised the defendant that the witness must first advise defendant of his *Miranda* rights; that the witness put down the date and the time, which was 10 a. m. of February 12, 1971, upon the document identified as plaintiff's Exhibit 1, being the defendant's oral confession reduced to writing; that the witness read off the rights to the defendant from the exhibit because he had been advised by the district attorney's office not to do them by memory; that, from memory, the 'rights' included that the defendant had a right to remain silent; that anything he said to the witness could be used against him in a court of law; that witness said that the defendant did not have to say anything unless his attorney was present; that if he wanted an attorney and if he had no funds therefor, one would be appointed by the court before any questioning if defendant wished it; that he had a right to remain silent; and had a right to stop the interview any time he wished; that the conference with defendant took place in the attorneys' room in the county jail; that prior to anything being said by the defendant, he made no promises, threats, used any coercion, or any inducements, that during the interview, the defendant in fact made a statement and that the witness had a present independent recollection of what it was; that the defendant then admitted that he was involved in the burglary with which he was charged; that the witness reduced the defendant's statement to writing which was the statement that he had obtained from the defendant in the defendant's own words; that the witness then gave the statement to the defendant to read, which the defendant did, that the defendant

examined the statement for two or three minutes, that the defendant was observed by the witness signing his, the defendant's, signature, on the lower right hand corner of the second page of the statement, whereupon the witness and Detective Wynhoff also witnessed it. The proceeding was continued until the following day, April 30, 1971. At the resumption of the hearing, the witness Wittke testified that following the statement given by the defendant, the witness made no promises to the defendant or any inducements, threats, or used any coercion; that during the taking of the statement he made no promise or inducement or threat or use of coercion toward the defendant, nor did the defendant during the interview make any request of the witness. The witness also testified, that after the witness had given the defendant the *Miranda* advice, the defendant 'said he fully understood,' whereupon the defendant signed the waiver portion of Exhibit 1, which was before any questioning took place."

From this resumé we believe the state has established a prima facie showing of voluntariness and compliance with *Miranda* requirements. Upon the record as it now stands, we could order the trial court to hold the statements admissible. However, in our discretion, we believe the ends of justice will be better served by directing that the matter be remanded to the trial court to resume the hearing, to receive the written statement for the limited purposes set forth above, that the defendant be permitted to offer countervailing or new evidence, and the state a right of rebuttal. Then, from all of the evidence, including that heretofore received, make appropriate findings and order.

*By the Court.*—Order reversed and remanded for further proceedings consistent with the opinion.