MICALE, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–618–CR.  Submitted on briefs December 2, 1976.—Decided
March 15, 1977.*
(Also reported in 251 N. W. 2d 458.)

For the plaintiff in error the cause was submitted on
the briefs of *Howard B. Eisenberg,* state public defend-
er, and *Jack E. Schairer,* assistant state public defender.

For the defendant in error the cause was submitted
on the brief of *Bronson C. La Follette,* attorney general,
and *Betty R. Brown,* assistant attorney general.

ABRAHAMSON, J.    Defendant was charged and con-
victed of burglary, as party to a crime, contrary to secs.

943.10(1)(a) and 939.05, Stats. Defendant raises two questions on this review:

1. Did the defendant knowingly and intelligently waive his constitutional rights prior to giving the police an incriminating statement which was admitted in evidence?

2. Was the imposition of a three-year sentence consecutive to the term he was already serving an abuse of discretion?

In *State v. Hernandez*, 61 Wis.2d 253, 257, 212 N.W.2d 118 (1973), we stated that the United States Supreme Court, in *Miranda v. Arizona*,[1] "held that before the police could take an in-custody statement from a defendant they must inform the defendant that he has a right to be silent; that anything he says can be used against him in court; that he must be informed of his right to have a lawyer and to have the lawyer present if he gives a statement; that if he is indigent a lawyer will be appointed for him, and that he can discontinue the statement at any time. Further, there must be a showing that he intelligently waived these rights."

The burden is on the state to establish beyond a reasonable doubt that the defendant was informed of his constitutional rights as set forth in *Miranda* and that he understood them and intelligently waived them. *State v. Hernandez*, 61 Wis.2d 253, 258, 212 N.W.2d 118 (1973). In *Miranda* the burden was described as "a heavy burden . . . to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." 384 U.S. at 475.

In the case before us a *Miranda-Goodchild* hearing was held on February 25, 1975. The State called City of Oak Creek Police Officer Gary Kenyon who testified that he arrested the defendant at his home in Caledonia, Wisconsin at approximately 8:40 a.m. on June 9, 1974;

[1] 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694 (1966).

that he took the defendant to the Oak Creek Police Department where they arrived at about 9 a.m.; and that there was no interrogation of the defendant until about ten minutes later. Officer Kenyon further testified that he read the defendant his constitutional rights from a card that he had in his possession. The questioning of the officer proceeded as follows:

"Q. Did you read off that card verbatim, in other words, word for word what's on that card? A. Yes. I did.

"Q. Would you read the same card?

"A. You have the right to remain silent. Anything you say can and will be used against you in a Court of law. You have the right to talk to a lawyer and have him present with you while you are being questioned. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish one.

"Q. All right. In addition to—Was that the substance of your admonishment to the defendant? A. Then, I read the waiver on the back.

"Q. All right.

"A. Do you understand these, each of these rights that I have explained to you? Having these rights in mind, do you wish to talk to us, now?

"Q. Did the defendant answer either one or both of those questions? A. Yes.

"Q. Did he answer whether or not he understood his rights? A. He acknowledged by shaking his head yes that he understood them.

"Q. Now, with respect to your question asking him regarding the waiver of those rights, what did he say? A. Yes. He said he couldn't afford an attorney then and he was willing to speak about them.

"Q. All right. Did you question the defendant at that point? A. Yes. I did.

"Q. Regarding what? A. A burglary of the Rexall Pharmacy Drug Store at 9555 South Howell Avenue, City of Oak Creek.

". . .

"Q. Did you proceed initially on a question and answer basis? A. Yes.

"Q. Did the defendant give answers to the questions you asked? A. Yes. He did."

The officer testified that the defendant affirmatively stated he understood his rights and wished to waive them. But, the officer also stated that the defendant said "he couldn't afford an attorney." The questioning should have stopped at this point.

"The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning. . . ." *Miranda v. Arizona,* 384 U.S. at 444, 445.

In this case, the State relied heavily on the defendant's confession. The only other evidence presented by the State was a police officer's testimony that the defendant's car was parked near the store burglarized. Applying the *Wold* test[2] we hold that the admission of the confession in this case was prejudicial error and requires reversal of the conviction.

In view of our holding we need not discuss the question of sentencing.

---

[2] In *Wold v. State,* 57 Wis.2d 344, 356, 357, 204 N.W.2d 482 (1973), a case involving improperly admitted evidence, the court said:

". . . The test of harmless error is not whether some harm has resulted, but, rather, whether the appellate court in its independent determination can conclude there is sufficient evidence, other than and uninfluenced by the inadmissible evidence, which would convict the defendant beyond a reasonable doubt. This test is based on reasonable probabilities. . . . A possibility test is the next thing to automatic reversal. In determining guilt 'beyond a reasonable doubt,' the human mind should not work on possibilities, but on reasonable probabilities." (Citations omitted.)

*See also State v. Dean,* 67 Wis.2d 513, 533, 227 N.W.2d 712 (1975).

Because the court is of the opinion that the admission of improper evidence here was not harmless error under the formulation of *Wold v. State, supra,* that formulation of the harmless error test is accepted for purposes of this opinion.

Although the defense counsel did not raise the issue in the trial court or in this court, we note that the warning given to the defendant was incomplete. The officer should have advised the accused that the accused could decide at any time to exercise these rights and not answer any questions or make any statements, or in other words, that the accused had the right to stop answering questions at any time. *State v. Hernandez, supra; Jones v. State,* 69 Wis.2d 337, 342–343, 230 N.W.2d 677 (1975) ; *Grennier v. State,* 70 Wis.2d 204, 213, 234 N.W.2d 316 (1975).

*By the Court.*—Judgment and orders reversed.

ROBERT W. HANSEN, J. *(concurring).* The writer agrees as to the failure here to fully comply with what the United States Supreme Court mandated in *Miranda v. Arizona.*[1] However, it is to be noted that subsequent to *Miranda* the United States Supreme Court, in *Harris v. New York,* made clear that a *Miranda*-less confession is not to be "barred for all purposes, provided of course that the trustworthiness of the evidence satisfies legal standards."[2]

Under the *Harris* decision, a voluntary and uncoerced confession that does not meet the *Miranda* requirements is only "made unavailable to the prosecution in its case in chief."[3] If the defendant takes the witness stand to testify in his own behalf, under *Harris,* any conflict between what he states from the witness stand and what he earlier told police in a voluntary but *Miranda*-less statement may "be laid before the jury by way of cross-examination and impeachment."[4] In the case before us,

---

[1] 384 U.S. 436 (1966).

[2] 401 U.S. 222, 224 (1971).

[3] *Id.* at 225.

[4] *Id.* at 226. *Cf., Sanford v. State,* 76 Wis.2d 72, 250 N.W.2d 348 (1977) (Page 10 of opinion handed down on February 17, 1977.)

it should be added that the suppression of defendant's confession for failure to comply with the *Miranda* rule is limited by *Harris* to the use of such confession by the prosecution in its case in chief.

(Incriminating statement, ordinarily inadmissible because made when a juvenile, admitted for impeachment purposes.)