COMMONWEALTH vs. LARRY D. LEWIS.

Hampden. December 5, 1977. — January 6, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

Constitutional Law, Admissions and confessions. Evidence, Admissions and confessions.

Failure of a police officer to inform a suspect of his right to terminate questioning at any time, following the reading to him from a card of the four warnings required by Miranda v. Arizona, 384 U.S. 436 (1966), to be given before questioning began, did not render defective the giving of the Miranda warnings, and incriminating admissions made by the suspect immediately after the reading of the warnings and his statement that he understood his rights and wished to talk were properly admitted in evidence at his trial upon indictments. [204-205]

INDICTMENTS found and returned in the Superior Court on March 3, 1976.

The cases were tried before Tisdale, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

Dyanne Klein Polatin for the defendant.

L. Jeffrey Meehan, Special Assistant District Attorney, for the Commonwealth.

BRAUCHER, J. The defendant was taken to a police station, given Miranda warnings, and interrogated. He then made damaging admissions. He now contends that those admissions should have been suppressed because the warnings did not inform him of his right to terminate questioning at any

time. We hold that no such warning was required, and affirm his convictions.

The defendant was indicted for a number of sexual offenses, including rape, against the same victim, by reason of events on December 8, 1975. After a jury trial he was convicted and sentenced to imprisonment for concurrent terms the longest of which were for seven and one-half to twelve years. He appealed under G. L. c. 278, §§ 33A-33G, and we transferred the case to this court on our own motion. During the trial a voir dire hearing was held on the issue whether there had been a voluntary and knowing waiver of the defendant's Miranda rights. The judge ruled that the defendant had made his statements to the police "willingly, freely, knowingly and intelligently."

The sole issue argued to us is whether the Miranda warnings were defective in failing to inform the defendant of his right to terminate questioning at any time. A police officer testified that he read the warnings from a card, which was admitted in evidence: "(1) You have the right to remain silent; (2) Anything you say can and will be used against you in a court of law; (3) You have the right to talk to a lawyer and have him present with you while you are being questioned; (4) If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish." The officer then read from the other side of the card: "Do you understand each of these rights that I have explained to you." The defendant said, "Yes." The officer then said, "Having these rights in mind, do you wish to answer our questions now." The card read, "Do you wish to talk to us now." The defendant again said, "Yes." Thereafter he made the admissions in issue. The judge ruled that there was no requirement that the defendant be "given the so-called fifth warning to the effect that he can stop the questioning at any time."

We commend the police practice followed in this case of reading the Miranda warnings from a card. We believe that much of the trial time now spent in trying to establish exactly what warning was given to a suspect or defendant could

be saved if he were also given a copy of the card to be kept by him. We also approve the practice of admitting a police copy of the card in evidence. See *Commonwealth* v. *Preston,* 359 Mass. 368, 372 n.2 (1971). No useful purpose is served by testing on the witness stand the officer's ability to recite accurately from memory the Miranda warnings he read.

The command of *Miranda* v. *Arizona,* 384 U.S. 436, 479 (1966), is clear: "He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." The Court also says, "Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." *Id.* at 473-474. But the latter rule is not included in the warnings required before questioning begins.

We may speculate that the Supreme Court may have thought that the specified warnings were complex enough for the ordinary suspect, or indeed for the ordinary police officer, without the addition of other information, however useful. We all know that clear instructions can be made less rather than more comprehensible by supplementation. But in the years since the *Miranda* decision many suspects and police have become generally familiar with the four required Miranda warnings, and the danger of confusion is therefore reduced. We have recognized the utility of a warning that the suspect may stop the questioning at any time. See *Commonwealth* v. *Fielding,* 371 Mass. 97, 115 (1976); *Commonwealth* v. *Williams,* 364 Mass. 145, 148 n.1 (1973). We think the better practice today is to give the "fifth warning," and it was given in the *Fielding* case. But the balance of advantages and disadvantages is close. The "fifth warning" is not required by Federal law, and we are not prepared to hold that it is required by State law.

The weight of authority in other jurisdictions is over-whelmingly in accord. *Mock* v. *Rose*, 472 F.2d 619, 622 (6th Cir. 1972), cert. denied, 411 U.S. 971 (1973). *Green* v. *State*, 45 Ala. App. 549, 551-552 (1970). *State* v. *Cobbs*, 164 Conn. 402, 416-419, cert. denied, 414 U.S. 861 (1973). *Katzensky* v. *State*, 228 Ga. 6, 8 (1971). *People* v. *Washington*, 115 Ill. App. 2d 318, 328 (1969). *People* v. *Hooper*, 50 Mich. App. 186, 195-196 (1973). *State* v. *Harper*, 465 S.W.2d 547, 548-549 (Mo. 1971). *State* v. *Sherwood*, 139 N.J. Super. 201, 203-205 (1976). *State* v. *Carlton*, 83 N.M. 644, 654 (Ct. App. 1972). *Commonwealth* v. *Alston*, 456 Pa. 128, 135 (1974). *Crafton* v. *State*, 545 S.W.2d 437, 439 (Tenn. Crim. App. 1976). *State* v. *Harbaugh*, 132 Vt. 569, 577-578 (1974). So far as *State* v. *Riddick*, 291 N.C. 399, 408 (1976), and *Micale* v. *State*, 76 Wis. 2d 370, 374 (1977), are to the contrary, we do not follow them.

*Judgments affirmed.*