773 So.2d 582 (2000)
Victor BRANCACCIO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1100.
District Court of Appeal of Florida, Fourth District.
November 22, 2000.
Rehearing Denied January 4, 2001.
*583 Roy Black and Christine M. Ng of Black, Srebnick & Kornspan, P.A., Miami, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
The principal issue on appeal is whether the trial court erred in admitting a confession into evidence. Our review of the record discloses that there was evidence that this juvenile's confession was voluntarily given. The police administered Miranda warnings before actual questioning began. His age, intelligence, education, and background support the trial court's finding that he had the mental capacity to understand what he was doing and that his waiver of Miranda rights was knowing and voluntary. The record supports the finding that the police did not use any improper coercion in obtaining the confession, that they did not promise him anything in exchange for the confession.[1] While his parents were not notified until after the confession, and he did ask if they had been called before he confessed, the facts support the trial court's finding that he voluntarily confessed despite their absence. He executed a written waiver form before actual questioning began.
Ultimately the question whether a confession is voluntary presents a legal issue to an appellate court, one that is determined de novo under federal constitutional principles. See Miller v. Fenton, 474 U.S. 104, 109, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985) (ultimate issue of voluntariness is legal question requiring independent federal determination); Ramirez v. State, 739 So.2d 568, 575 (Fla.1999) (legal question of voluntariness of confession determined by totality of circumstances), cert. denied, 528 U.S. 1131, 120 S.Ct. 970, 145 L.Ed.2d 841 (2000); W.M. v. State, 585 So.2d 979 (Fla. 4th DCA 1991) (same). Applying these standards, the confession survives appellate constitutional scrutiny.
For a juvenile's confession, the relevant circumstances include: (a) the *584 manner in which the police administered Miranda rights, (b) the juvenile's age, experience, education, background and intelligence, (c) whether the juvenile had an opportunity to speak with his/her parents before confessing, and (d) whether the juvenile executed a written waiver of the Miranda rights prior to making the confession. Ramirez, 739 So.2d at 575-578. We have considered all these factors but will belabor only the following.
In this case, defendant inquired (before the waiver of rights was given) as to whether his parents had been notified. The police responded by saying: "it's being taken care of."[2] In fact the police had no intention of calling his parents, for fear they might disturb evidence at the boy's home. We recognize that:
"[i]t is simply inappropriate for the police to make a representation intended to lull a young defendant into a false sense of security and calculated to delude him as to his true position at the very moment that the Miranda warnings are about to be administered."
Ramirez, 739 So.2d at 577. In this instance, however, there was no such police conduct. We do agree with defense counsel's argument that the police were less than completely honest in their response to this inquiry. Nevertheless, the audio tape supports the finding that in substance defendant did not actually ask for his parents to be present and that he voluntarily confessed anyway.[3] We have concluded from our own review of the audiotape that this particular disingenuousness did not affect the voluntariness of the waiver and confession.[4]
As for defendant's claim of error in the jury learning that the court had denied his pretrial motion to suppress the confession, we conclude that there has been no showing of error. The issue as to whether police have complied with the parental notification statute[5] was a legal question for the court in deciding whether to permit the confession to be adduced as evidence before the jury. The record supports the state's assertion that the court fully permitted defendant to litigate the factual question of voluntariness at trial. In the court's final instructions to the jury, the court clearly told the jury that they were to determine the confession's voluntariness based on the totality of the circumstances.
AFFIRMED.
GUNTHER and GROSS, JJ., concur.
NOTES
[1] We ourselves have listened to the audio tape of the waiver of Miranda rights and the confession itself and conclude that it supports the findings of the trial judge.
[2] Strictly speaking, the response does not positively assert that the police had actually called the parents. In context, however, a person in the position of defendant might reasonably have so understood it.
[3] While the response was less than forthcoming, the circumstances here are not like those in Almeida v. State, 737 So.2d 520 (Fla.1999), where in response to the question "what good is a lawyer going to do?" the police ignored the question and proceeded with their inquiries. If the police in this case had ignored a question like "can I have my parents here before we talk?", we would then be confronting the functional equivalent of Almeida.
[4] We agree that there was substantial evidence of the corpus delicti of the crime to admit the confession. Schwab v. State, 636 So.2d 3 (Fla.1994), cert. denied, 513 U.S. 950, 115 S.Ct. 364, 130 L.Ed.2d 317 (1994); State v. Allen, 335 So.2d 823, 825 (Fla.1976).
[5] See now § 985.207(2), Fla. Stat. (1999) (formerly § 39.037).