HARRIS, J.
Appellant, a juvenile, was convicted of lewd and lascivious molestation by a defendant less than eighteen of a child under twelve, his step-sister. He was also charged with, but not convicted of, two counts of sexual battery by a person under eighteen of victims less than twelve, his sister and step-sister. For the following reasons, we reverse.
Appellant was initially charged with the two sexual battery charges based on allegations that he performed on his sisters and had his sisters perform on him oral sex. On the day of trial, a third count was added alleging that, among other things not now relevant, he enticed one sister or the other (or both) to touch his penis.
After his arrest and after being Miran-dized, appellant asserted his right not to talk to the officers until his father arrived. The officer responded:
Officer: If you want to wait for your dad, we can wait for your dad. That’s fine. I don’t have a problem. If you want — to talk to me that’s fine. If you want to wait for your dad, you can wait for your dad.
Appellant: Is it okay?
Officer: But we’re talking about sex here. Okay? So — .
Appellant: I’ll talk to you.
Following this exchange, appellant “confessed” to permitting one of his sisters to rub his penis while he was playing Nintendo. This was the sole basis for his conviction for the lewd and lascivious charge.
We find that this statement should not have been admitted at all and, even if admissible, is inadequate to sustain the conviction. Once appellant indicated to the police that he did not wish to talk to them (either to await the arrival of his father or for any reason) the interrogation should have simply ceased. See Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The officer’s comments set out above were intended to and did convince appellant to change his mind *730 and talk to them immediately. This is a violation of his Miranda rights and warrants reversal.
Further, the “confession” was the only evidence that the offense was committed. Although the victims testified as to oral sex, they did not testify as to the events discussed in appellant’s statement. It may well be that appellant confessed to this lesser transgression in order to more effectively deny the more serious charges. In any event, the trial court did not believe the victims’ testimony and found appellant not guilty as to the sexual battery charges. Corpus delicti was not established before the statement was received. Even so, the court recognized that under section 92.565, Florida Statutes, it is no longer necessary to establish a corpus delicti in sex offenses.[1] However, the court failed to comply with the requirements of the statute and therefore the conviction must be reversed. First, the court failed to conduct a hearing in which it considered whether the State could otherwise show the existence of each element of the offense and, if it found that the State could not, determine that the purported admission is trustworthy.
Second, the court found no corroborating evidence tending to establish the trustworthiness of the admission. Since the victims were able to testify effectively about the alleged oral sex, their failure to even mention the event “admitted” by appellant cast doubt that such event occurred.
REVERSED.
COBB and PALMER, JJ., concur.

. See State v. Dionne, 814 So.2d 1087, (Fla. 5th DCA 2002).