857 So.2d 1002 (2003)
Elvis T. FRANCES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3742.
District Court of Appeal of Florida, Fifth District.
October 31, 2003.
*1003 James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
The defendant's sole point on appeal concerns the denial of his motion to suppress his confession. The defendant, age 16 at the time he confessed, urged suppression claiming his statements during police questioning were involuntary because he was not afforded an opportunity to talk with his mother prior to the questioning. We affirm.
The trial court found and the record contains competent substantial evidence that (1) the defendant was Mirandized twice before being questioned, (2) he was fully aware of why he was being questioned, (3) he indicated he understood his rights and never asked for an attorney, (4) he was a good student, (5) he had been in legal trouble before at which time he had been read his Miranda rights, and (6) he was informed that his mother had been contacted whereupon he told the officers that he did not get along with his mother. At no time did he ask for an opportunity to speak with her.
There is no constitutional requirement that police notify a juvenile's parents prior to questioning the juvenile.[1] *1004 See Brancaccio v. State, 773 So.2d 582, 583-84 (Fla. 4th DCA 2000), rev. denied, 791 So.2d 1095 (Fla.2001), cert. denied, 534 U.S. 1022, 122 S.Ct. 549, 151 L.Ed.2d 426 (2001). Likewise, there appears to be no affirmative obligation on the part of the police to extend an opportunity to a juvenile to speak with his parents prior to questioning where the juvenile does not request such opportunity. What is clear, however, at least in the context of custodial interrogation, is that if a juvenile indicates to police that he or she does not wish to speak to them until he or she has had an opportunity to speak with parents, the questioning must cease. B.P. v. State, 815 So.2d 728 (Fla. 5th DCA 2002). The defendant here did not make such a request.
The voluntariness of the defendant's confession is determined by an examination of the totality of the circumstances surrounding the confession. See Ramirez v. State, 739 So.2d 568 (Fla.1999). As stated in Brancaccio:
For a juvenile's confession, the relevant circumstances include: (a) the manner in which the police administered Miranda rights, (b) the juvenile's age, experience, education, background, and intelligence, (c) whether the juvenile had an opportunity to speak with his/her parents before confessing, and (d) whether the juvenile executed a written waiver of the Miranda rights prior to making the confession.
773 So.2d at 583-84.
Based on the totality of the evidence, there is no basis for concluding that the defendant's confession was in any way coerced or involuntary. See, e.g., Snipes v. State, 733 So.2d 1000 (Fla.1999); Brancaccio. The trial court correctly denied the motion to suppress.
AFFIRMED.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] Section 985.207(2), Florida Statutes, does require police to attempt to notify a juvenile's parents upon taking the juvenile into custody, though the failure to do so does not per se render a confession involuntary. Ramirez v. State, 739 So.2d 568 (Fla.1999). In any event, the detectives here contacted the defendant's mother prior to questioning her son.