LaROSE, Judge,
Dissenting.
I concur fully in Judge Wallace’s dissenting opinion. I write separately to voice my concern that even if the police had informed M.A.B. of his right to counsel during interrogation, the trial court lacked an adequate basis to conclude that M.A.B., a fifteen-year-old, voluntarily, knowingly, and intelligently waived his Miranda rights.
The State bears a heavy burden to demonstrate that a defendant waived his privilege against self-incrimination and the right to counsel. Ramirez v. State, 739 So.2d 568, 575 (Fla.1999). As we have stated, “[t]his burden is even heavier when the suspect is a juvenile.” B.M.B., 927 So.2d at 222. In light of this heightened standard, I am unpersuaded by Judge Ca-nady’s reliance on cases from other jurisdictions involving confessions by adults. See Linder, 268 N.W.2d 734; Hernandez, 61 Wis.2d 253, 212 N.W.2d 118.
The trial court can find a waiver of Miranda rights only if the totality of the circumstances surrounding the interrogation reveal an uncoerced choice made with an understanding of the consequences of foregoing these constitutional rights. Ramirez, 739 So.2d at 575 (citing Moran v. Burbine, 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986)). In examining the totality of the circumstances, the trial court should scrutinize: (1) the manner in which the Miranda rights were administered, including any cajoling or trickery; (2) the suspect’s age, experience, background, and intelligence; (3) whether the suspect’s parents were contacted and whether the juvenile had an opportunity to consult with his parents before questioning; (4) the place of interrogation; and (5) whether the police secured a written waiver of Miranda rights prior to interrogation. Id. at 576.
Although the record before us does not reflect any trickery or cajoling by law enforcement officials, I cannot say that this factor, alone, compels the result reached by Judge Canady. After all, the totality of the circumstances analysis dictates that no single factor is dispositive. United States v. Drayton, 536 U.S. 194, 207, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002) (holding that totality of the circumstances means not giving extra weight to any one specific factor); State v. Colitto, 929 So.2d 654, 660 (Fla. 4th DCA 2006) (en banc) (Farmer, J., dissenting) (citing Drayton and other cases for the proposition that no single factor is dispositive to totality of circumstances). Yet, when dealing with a Miranda waiver by a juvenile, the trial court’s examination of the totality of the circumstances must, necessarily, focus on the juvenile’s “age, experience, education, background, and intelligence.” Michael C., 442 U.S. at 725, 99 S.Ct. 2560. In my view, the factual record as to whether M.A.B. voluntarily and knowingly waived his Miranda rights is but a blank canvas untouched by any strokes of factual findings of waiver.
Upon detaining M.A.B. in the late afternoon, police officers handcuffed and transported him to the police station. They placed him in a secure interview room where he remained alone and handcuffed. Approximately thirty to forty minutes la *1238 ter, an officer, wearing his handgun, entered the room and questioned M.A.B. for about ten minutes. Prior to questioning, M.A.B. signed a form stating that he had been advised of and had waived his Miranda rights. The interrogation was not recorded.[13]
At the time of questioning, the officer knew that M.A.B. was a juvenile but did not know his age. The officer knew nothing about M.A.B.’s background, school grade level, or intelligence. He did not know if M.A.B. had any prior experience with law enforcement. The officer’s conclusion that M.A.B. seemed mature and appeared to understand what was happening is untethered to any factual foundation.
Although the police department’s standard operating procedure was to contact a parent before questioning a juvenile or to have a parent present at questioning, the officer testified that this procedure was preferred but not required. Nothing in our record indicates that the officer contacted or attempted to contact a parent before obtaining the Miranda waiver or at any other time prior to or during the questioning of M.A.B. Indeed, a second officer who questioned M.A.B. testified that he and the other officer did not discuss contacting M.A.B.’s parents or guardian. In my review of the record, nothing supports the State’s suggestion that M.A.B. had an opportunity to call his mother or sister before questioning. And, the record reveals no explanation as to why the officers departed from a standard procedure. I recognize that there is no constitutional requirement that the police notify a juvenile’s parents prior to questioning. See J.G. v. State, 883 So.2d 915, 924 (Fla. 1st DCA 2004) (citing Frances v. State, 857 So.2d 1002, 1003 (Fla. 5th DCA 2003)). However, the failure to do so is relevant to assessing the voluntariness of the Miranda waiver. § 985.207(2); J.G., 883 So.2d at 924.
The trial court concluded that M.A.B.’s signed waiver of rights form was adequate and that the interrogation was neither coercive nor oppressive. On that basis, alone, the trial court concluded that M.A.B. made a voluntary, knowing, and intelligent waiver of his Miranda rights. The paucity of evidence before us and the lack of specific factual findings by the trial court forces me to question whether M.A.B. could have waived his Miranda rights “ ‘with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.’ ” See J.G., 883 So.2d at 924-25 (quoting Moran, 475 U.S. at 421, 106 S.Ct. 1135). The police officers knew virtually nothing about M.A.B. when they questioned him. And, the factual basis for a valid Miranda waiver remained undeveloped at the suppression hearing.
Judge Canady observes that M.A.B. had prior experience with law enforcement. Based on my review of the record, however, I cannot conclude that such information, even if accurate, was available to or considered by the trial court when it denied the suppression motion. Cf. Michael C., 442 U.S. at 713, 726-27, 99 S.Ct. 2560 (finding record amply supported trial court’s conclusion that juvenile was not “a young, naive minor with no experience with the courts.”). Further, the trial court’s reliance solely on a signed waiver of rights form falls far short of providing a detailed factual basis supporting a valid *1239 Miranda waiver. The cases cited by Judge Canady recognize the importance of such support. See, e.g., Linder, 268 N.W.2d at 735 (affirming trial court’s ruling that State failed to meet burden of proving knowing, intelligent, and voluntary waiver where trial court order suppressing confession contained detailed recitation of events surrounding defendant’s interrogation); Chambers, 742 So.2d at 468 (upholding denial of motion to suppress where trial court’s ruling was well-reasoned and included specific findings of voluntariness based on review of audiotaped interview); In re G.G.P., 382 So.2d at 130 (reversing denial of motion to suppress confession where recorded interview before trial court demonstrated that defendant was coerced to confess based on promise of immunity from prosecution).
In my view, the totality of the circumstances considered by the trial court established only that M.A.B. seemed to understand the waiver form he signed. Merely reading a Miranda rights form to a juvenile or having him read the rights form does not, by itself, establish that he understood the rights he was giving up and the consequences of his waiver. Id. at 925. My concern is heightened by the fact that with so little information about M.A.B., the police ignored a preferred department policy and chose not to contact a parent or guardian prior to questioning.
I certainly do not suggest that a juvenile can never waive the rights protected by Miranda. Of course, he can. But based on our record, I would insist on a more probing inquiry under Ramirez before concluding that M.A.B. waived his Miranda rights.

. As some of the cases cited by Judge Cana-dy suggest, audio or video recordings undoubtedly assist the trial court in assessing the voluntariness of a suspect's confession. See Michael C., 442 U.S. at 710-11, 719, 726-27, 99 S.Ct. 2560 (majority); id. at 733, 99 S.Ct. 2560 (Powell, J., dissenting); Chambers, 742 So.2d at 467-68; In re G.G.P., 382 So.2d at 130.