958 So.2d 609 (2007)
STATE of Florida, Appellant,
v.
S.V., a child, Appellee.
No. 4D06-2147.
District Court of Appeal of Florida, Fourth District.
June 27, 2007.
*610 Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
MAY, J.
The juvenile filed a motion for rehearing and argued that the State's appeal was limited to only one of two case numbers found on the order suppressing the child's statements. Upon review of the procedural history of this case, it is clear that the State only appealed case number 5620005CJ001461 [hereinafter 1461].[1] We therefore withdraw our prior opinion and issue this opinion in its place.
The State appeals an order granting the juvenile's motion to suppress. The State argues the trial court erred in granting the motion to suppress because it did so solely on the basis that the juvenile's parents were not notified before the interview. We agree that the court erred in relying upon this basis in suppressing the juvenile's statements, but affirm the order for an alternate reason.
Law enforcement arrested the juvenile on July 13, 2005, on a grand theft auto charge (Case No. 1461). A detective interviewed the juvenile after informing him of his Miranda[2] rights through the use of a pre-printed card. At that time, the pre-printed form did not include the juvenile's right to have counsel present during questioning. The juvenile confessed to stealing the motor vehicle, and the State then filed a petition for delinquency for grand theft auto. It was disputed whether the juvenile's mother was notified before the statement was taken.
The juvenile was subsequently arrested on another charge. On this occasion, it was undisputed that law enforcement interviewed him without notifying his mother. The juvenile filed identical motions to suppress in each case. The trial court heard both motions at the same time.
*611 At the hearing, the juvenile argued the State failed to prove that he had voluntarily and intelligently waived his rights because: (1) the waiver was not written; (2) his mother was not notified or present; and (3) the first detective's presence during the second arrest tainted the juvenile's statement by implicating a promise for leniency. The juvenile did not raise the inadequacy of the Miranda warnings in case number 1461. The State argued that law enforcement's failure to contact the juvenile's parents prior to the interview was not dispositive, and that the trial court should consider the totality of the circumstances.
The trial court granted the motion to suppress in each case. The court based its decision solely on the fact that the juvenile did not have the opportunity to speak with his mother prior to being interviewed, and his mother did not understand what was going on because of an English/Spanish language barrier.
The State argues the trial court erred in applying a per se rule that custodial statements are inadmissible if the juvenile does not have the opportunity to speak with a parent before the interview. It continues to maintain the trial court should have looked at the totality of the circumstances. The juvenile responds that the trial court correctly found that he had not made a voluntary and knowing waiver of his right to remain silent. For the first time on appeal, the juvenile also argues his confession in case number 1461 was properly suppressed because of defective Miranda warnings.
The relevant inquiry is whether the juvenile's waiver of his Miranda rights was knowing and voluntary given the totality of the circumstances. State v. Cartwright, 448 So.2d 1049, 1051 (Fla. 4th DCA 1984) (citing Doerr v. State, 383 So.2d 905, 907 (Fla.1980)). In cases involving juveniles, the court should consider: 1) the methodology employed to administer the Miranda rights; 2) the age, experience, background, and intelligence of the child; 3) whether the parents were contacted and whether the child had an opportunity to speak with them prior to giving the statement; 4) whether the questioning occurred in the station house; and 5) whether the child executed a written waiver of rights. Ramirez v. State, 739 So.2d 568, 576 (Fla. 1999) (citations omitted); accord Brancaccio v. State, 773 So.2d 582, 583-84 (Fla. 4th DCA 2000), review denied, 791 So.2d 1095 (Fla.2001), cert. denied, 534 U.S. 1022, 122 S.Ct. 549, 151 L.Ed.2d 426 (2001).
Here, the trial court expressly found that law enforcement did not intentionally do anything wrong. The juvenile was seventeen years old and he had previously been arrested. The trial court specifically found that the juvenile understood English. He readily answered questions and appeared calm throughout the interview. He did not execute a written waiver form. It was disputed whether law enforcement spoke to the juvenile's mother prior to questioning, but she did not go to the sheriff's office.
The State correctly argues "[t]here is no constitutional requirement that police notify a juvenile's parents prior to questioning the juvenile." Frances v. State, 857 So.2d 1002, 1003-04 (Fla. 5th DCA 2003) (citing Brancaccio, 773 So.2d at 583-84). Nevertheless, "if the juvenile indicates to police that he or she does not wish to speak to them until he or she has had an opportunity to speak with parents, the questioning must cease." Id. at 1004 (citing B.P. v. State, 815 So.2d 728, 729 (Fla. 5th DCA 2002)). This record is clear that the juvenile did not indicate prior to or during questioning that he wished to speak to his mother. Thus, the trial *612 court's reliance on this aspect alone to support its decision was flawed.
However, in case number 1461, the Miranda warnings given were defective because they failed to advise the juvenile of his right to counsel during questioning. See Roberts v. State, 874 So.2d 1225, 1228 (Fla. 4th DCA 2004). Thus, we affirm the order of suppression in case number 1461.[3]
Affirmed.
STEVENSON, C.J., and KLEIN, JJ., concur.
NOTES
[1] Initially, the State filed a notice of appeal in each case. Those appeals were dismissed without prejudice for lack of an appealable order. On May 22, 2006, the trial court entered a single written order containing both case numbers. When the State filed a new notice of appeal, however, it listed only case number 1461. Nevertheless, the briefs discussed the facts and law as they related to both cases and never suggested the appeal was limited to only case number 1461.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] We apply the tipsy coachman rule to reach this result. The tipsy coachman doctrine permits an appellate court to affirm a trial court's decision that was correct in result, but based on the wrong reason, if there is record evidence of any theory or principle of law that would support the order. Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999). It is not necessary for the appellee to preserve this defense by having presented and argued the alternative basis below. Id. at 645.